DYER et al., Respondents, vs. CARR'S EXECUTOR, Appellant.

1. No appeal lies from an opinion of the probate court as to the rights of the distributees of an estate, unless there is an order of distribution.

*Appeal from St. Louis Circuit Court.*

E. & B. Bates, for appellant.
B. B. Dayton, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was an appeal from the Probate Court of St. Louis county to the Circuit Court. The following is the statement of facts upon which the Probate Court was requested to act, viz:

"Thomas B. Dyer, Ralph Peters and John C. Cabanné *vs.* Stephen D. Barlow, executor of William C. Carr, deceased. It is agreeed between the parties, that Stephen D. Barlow, executor of William C. Carr, deceased, has in his hands for distribution among the devisees of said Carr, the sum of four thousand five hundred dollars ; that the plaintiffs and their wives are three of said devisees—the wives being daughters of said Carr ; that he died leaving nine children surviving him ; that his will is duly proved and recorded in the Probate Court of St. Louis county, and is referred to, and agreed to be a part of this case ; that the accounts for the advances to the plaintiffs and their wives are hereto annexed and make a part of this case. The parties, under the will of said William C. Carr and the facts agreed, submit to the court the question, whether the plaintiffs are now entitled to the distributive share of the money now on hand to be distributed, without any deduction for advances made, or whether the amount advanced to each child is to be first repaid, before each child can receive his or her distributive share, and this the parties submit to the court, to be determined upon the true construction of said will. It is further admitted, that said William C. Carr died seized of a large real and personal estate, and that on a final division of the real estate, the share to each child will leave a large amount of property, after paying all sums or amounts which can be claimed as advances."

Upon this statement of facts agreed, the Probate Court declared its opinion to be, " that the plaintiffs are not now entitled to the distributive share of the money now on hand to be distributed, without deduction for advances made, and that the amount advanced to each child is to be first repaid before each child can receive his or her distributive share."

From this opinion of the Probate Court, the said Dyer, Peters and Cabanné appealed to the Circuit Court. The appeal came on to be heard before the Circuit Court, at the November term, 1852. This court made the following order, viz : " The

court being fully advised of and upon the premises, doth order, adjudge and decree, that the defendant pay to the three plaintiffs above named, being the husbands of the three married daughters of said William C. Carr, the sum of five hundred dollars each, and to Dabney Carr, the sum of five hundred dollars, and the residue of said fund to be invested for the benefit of the remaining children of William C. Carr, being minors, until they respectively become of age, as provided in the sixth article of said will of said William C. Carr, and that the cause be remanded to the Probate Court, to proceed therein in accordance with this judgment. Defendant to pay costs."

1. The statute upon administration, 1845, article eight, section one, states the cases upon which appeals shall be allowed to the Circuit Court. Third clause, " on all apportionments among creditors, legatees or distributees ;" fourth, " on all orders directing the payment of legacies, making distribution or making allowances to the widow ;" twelfth, " on all orders compelling legatees or distributees to refund, and in all other cases, where there shall be a final decision of any matter, arising under the provisions of this act." In the opinion of this court, the Circuit Court had no jurisdiction of this case. There was no judgment or order in the Probate Court from which an appeal would lie. There was no order for distribution—no order making apportionments among creditors, legatees or distributees—no order directing the payment of legacies, nor allowances to widow, nor for distribution ; no final decision on any matter arising under the administration act. The Probate Court does not direct a distribution of the funds in the executor's hands ; it declares the opinion of the court on the given state of facts, under the will, but makes no order. That court declares the plaintiffs not now entitled to the distributive share of the money now on hand to be distributed, without deducting the advances made, &c. This cannot be construed into an order for distribution.

The judgment of the Circuit Court is an original order of distribution. That court had no power to make such an order originally. There must be a case proper for appeal in the Probate Court, before an appeal will give the Circuit Court jurisdiction to make distribution or orders to pay legacies.

The Probate Court, in the exercise of its own prudent discretion, may think it now unwise to make an order for distribution, but when the estate is nearly settled—when the time in which claims can be allowed against the estate has nearly elapsed, and the Probate Court can see that there will be no danger in embarrassing the administration by such an order, it will then make such order as, under the circumstances, may promote the interest of the legatees and carry out the will of the testator.

The judgment of the Circuit Court is reversed, the other judges concurring.