In the Matter of the Estate of HARRY A. PHILLIPS, Deceased:
ROBERT D. FIZETTE, CARTER E. FIZETTE and HELEN FIZETTE HILSINGER
 v. RAWLINS PHILLIPS; MUTUAL COMMERCE CASUALTY COMPANY,
 a Corporation, (for whom OWEN G. JACKSON, Superintendent,
 Division of Insurance Department of Business and Administra-
 tion of the State of Missouri, has been substituted), Appellant.—
 No. 40497.—211 S. W. (2d) 728.

Court en Banc, April 12, 1948.

Rehearing Denied, May 27, 1948.

948·

*Moss H. Silverforb* and *Chas. N. Sadler* for appellant.

949

*John C. Meredith* and *Meredith & Harwood* for respondent.

[729] LEEDY, C. J.—This is an appeal from a judgment enforcing the liability of Mutual Commerce Casualty Company, in the sum of $1065.80, as surety upon a supersedeas bond given in this case on a former appeal by Robert D. Fizette, Carter E. Fizette and Helen Fizette Hilsinger [for brevity sometimes hereinafter referred to as the Fizettes] from the Circuit Court to the Supreme Court. That appeal having been voluntarily dismissed, Rawlins Phillips, the obligee in the bond, filed his motion in the circuit court for judgment thereon under Sec. 134 of the Civil Code, 847.134 Mo. R. S. A. (All references to statutes are to R. S. Mo. '39 and Mo. R. S. A., unless otherwise noted.) Judgment went for him in the amount stated, and Mutual Commerce Casualty Company appealed to the Kansas City Court of Appeals, where the judgment was affirmed. On application to this court, the case was transferred under Art. V, Sec. 10, of the Constitution of 1945, and rule 2.06 of this court. Pending submission here, the Superintendent of the Division of Insurance, Department of Business and Administration of the State of Missouri, was appointed receiver of the appellant, Mutual Commerce Casualty Company, and as such he has been substituted as party appellant.

The proceedings out of which the present controversy arises originated in the Probate Court of Jackson County in the Estate of Harry A. Phillips, deceased, as a dispute concerning heirship, but, as observed in the opinion of the Court of Appeals, "The transcript brought here by the appellant is not very satisfactory from the standpoint of disclosing the facts giving rise to this appeal. The scantiness of facts results from the failure of the appellant [730] to introduce in evidence in the circuit court the records of the probate court bearing on this controversy."

It does affirmatively appear that on May 1, 1943, the probate court found Rawlins Phillips to be the sole and only heir-at-law of the deceased, Harry A. Phillips, and that he was entitled to the possession

of the deceased's real estate (then in the hands of the public administrator), and ordered partial distribution of the estate to him. The court further found that "the other blood relatives . . . especially Robert D. Fizette, Carter E. Fizette and Helen Fizette Hilsinger have no right, title or interest in his estate," and set aside its previous "order of October 1, 1942, wherein Rawlins Phillips was found not to be the sole and only heir-at-law of Harry A. Phillips, deceased." This May 1, 1943, order or judgment of the probate court expressed or described the proceeding as being upon Rawlins' "motion to rehear and reconsider" his claim to the estate "and to set aside the order and/or judgment of October 1, 1942, made by this court, wherein the said Rawlins Phillips was found not to be the sole heir and distributee of the estate", and also as being upon "the motion of Robert D. Fizette, Carter E. Fizette and Helen Fizette Hilsinger to be declared the only heirs-at-law of said Harry A. Phillips, deceased." The Fizettes appealed, and an appeal bond in the sum of $1,000.00, as fixed by the probate court, was filed, but it was signed by only two of the three appellants (Robert D., and Helen) with Lee Ticehurst as surety. On June 29, 1944, the circuit court, on appeal, found and adjudged "Rawlins Phillips, appellee, is the sole heir-at-law of said Harry A. Phillips, deceased, and the sole distributee of his said estate, and as such he is entitled to the distribution to him of the net amount of said personal property in due course of said administration . . . and as such heir-at-law is entitled to the possession of all real estate owned by said Harry A. Phillips, deceased, at the time of his death, and said probate court and said administrator are hereby ordered to turn over the possession of said real estate to the said Rawlins Phillips." In addition thereto, the court rendered judgment in favor of Rawlins, and against appellant's Robert D., and Helen, and their surety, Lee Ticehurst, for $1,000.00 on the appeal bond. The Fizettes again appealed, this time to the Supreme Court, and, as stated, they dismissed their appeal, and on motion filed in the trial court, judgment against their surety, Mutual Commerce Casualty Company, was rendered in favor of Rawlins, and it is from this judgment that the present appeal is prosecuted.

Preliminary to a consideration of the merits, it may be noted that the case has been erroneously styled in this court as "State ex rel. Mutual Casualty Company, relator, v. Bland, et al., Judges of the Kansas City Court of Appeals, respondents," under which erroneous caption appellant filed its "Application for order to transfer." An application made to this court to transfer a cause from a court of appeals is but a further step in the same cause, in consequence of which no change is worked in the title. At the conference at which the application to transfer was passed on, the judge to whom the matter has been assigned entered the following on the back of the folder containing the files in the case, "Transfer ordered, returnable 30 days

to banc." It appears, however, that the order entered was not in conformity with this minute, and that a writ of certiorari was, in fact, issued, although it had not been prayed, thus further complicating the record. The case will be docketed and reported under caption and style it bore in the Court of Appeals, and in the trial court, as hereinabove shown, and it is so ordered.

In this connection we take occasion to say that there has been some lack of understanding as to the purpose and effect of rule 2.06 relating to transfers from the Courts of Appeals, which was adopted subsequent to the effective date of the Constitution of 1945. When present rule 2.06 was adopted (July 1945) former rules 2.06 (in relation to certiorari for conflict of decision) and 2.061 (in relation to transfers on the ground of general interest or importance of the question involved, or re-examination of the existing law) were repealed, [731] and the two sections were merged (with certain changes) and promulgated as rule 2.06. It was thereby intended to provide one uniform method of procedure for the review by this court of cases decided by the Courts of Appeals, namely, by transfer, whether the ground be conflict of decision, general interest or importance of the question involved in the case, or for the purpose of re-examining the existing law, as authorized by Sec. 10, Art. V of the Constitution. There has been some persistence in applying for *certiorari* on the ground of conflict, rather than for transfer as contemplated by rule 2.06. Likewise in making applications for transfer, the sort of confusion encountered in this case in the matter of caption has been somewhat widespread. These considerations have prompted the court to attempt clarification of the rule by adding this provision: "A petition for certiorari will be considered as an application to transfer, and must comply with the provisions of this rule." Such an amendment has this day been adopted. This will obviate the necessity of making any change in the style of the case in the instances governed by the rule. Instead of making it appear that the judges of the Courts of Appeals are the parties in interest, the case will bear the same caption in this court as it did in the Court of Appeals, irrespective of which ground for transfer is invoked.

■ Appellant's first contention is that the circuit court's judgment against Robert D., and Helen and their surety, Lee Ticehurst (on which the subsequent judgment against Mutual Commerce Casualty Co., was grounded) is void on its face, or, in any event, is not a final judgment from which an appeal lies, because it failed "to dispose of all the issues as to Carter E. Fizette, a party to said action." All three of the Fizettes were parties appellant, but only Robert D., and Helen signed the appeal bond. It will be seen that the circuit court's judgment, by finding one of the rival claimants to the estate (Rawlins) to be entitled to the whole thereof, to the exclusion of his adversaries (who had appealed and were before the court) did dis-

pose of the case as to all of the parties on the merits. The circumstance that one of the appellants, Carter E., did not join in executing the appeal bond, on which the circuit court also rendered judgment against the parties to such bond, would not affect the validity of the judgment on the merits, because the requirement of Sec. 287 of the statute respecting the giving of an appeal bond is not jurisdictional, and failure to give it is a mere irregularity. (Estate of Wm. G. Williams, 62 Mo. App. 339.) We are not called upon to decide whether Carter E., is liable for his portion of the costs by virtue of the adverse judgment on the merits. The rule is that, as affecting appealability, a final judgment need not necessarily dispose of the matter of costs. Marsala v. Gentry, (Mo. App.) 232 S. W. 1046.

It is further contended that the circuit court was without jurisdiction to render its judgment of June 29, 1944 "because its jurisdiction is based upon the validity of the judgment of the probate court rendered May 1, 1943, which judgment of the probate court was void for lack of power to set aside a former judgment upon a motion filed at a subsequent term, and while an appeal therefrom by Rawlins Phillips was pending in the circuit court." It does not appear when Rawlins' motion to rehear or reconsider his claim was filed, and hence nothing to support the above assignment that it was filed a subsequent term. As to the other ground it is sufficient to say there is a record entry showing Rawlins' appeal was dismissed May 1, 1943, at 11:25 A. M. True, the probate court's judgment from which the Fizettes appealed was rendered that day, but there is nothing indicating that it was entered before Rawlins' appeal was dismissed. In such a situation, and in the absence of facts affirmatively showing the contrary, the presumption should be indulged that the probate court's action followed, rather than preceded, in point of time, Rawlins' dismissal of his appeal.

We do not base our ruling on this point on the same ground as the Court of Appeals for the reason we have concluded that the record of the proceedings [732] on Rawlins' first application, as well as the earlier claim of the Fizettes (to which the opinion of the Court of Appeals makes reference), is too fragmentary and inconclusive. Indeed, neither of his applications nor the judgment in his first proceeding are before us. The same is true as to the Fizettes' prior proceeding, if, in fact, there was such. For these reasons we do not determine their nature and effect. In this connection it may be said that their finality, and, hence, appealability, might be affected by (1) the relief sought (Dyer v. Carr's Executor, 18 Mo. 246) ; or (2) whether the rival claimants became parties in a personal sense, as by appearance, participation, etc., (State ex rel. Gott v. Fidelity & Deposit Co., 317 Mo. 1078, 298 S. W 83, 88), as they did in the later proceeding which culminated in the May 1, 1943, adjudication; and (3), perhaps, by the stage of the administration at which interposed. The

latter observation is made in view of the provisions of Sec. 230 of the statute under which it would seem that the power to determine heirship is an incident to the final settlement, for one of the requirements of that section is that the court, upon final settlement, ''shall find and determine who are the persons entitled to distribution and their respective interests in said estate . . . '' Apart from this section we have no other statutory provision for proceedings in the probate court to establish and determine heirship.

 We think the Court of Appeals decided the case correctly, and we adopt as our own the remainder of its opinion in disposing of the other issues presented. To an understanding of those questions a further brief statement of facts is necessary. We, accordingly, incorporate the following from the opinion, written by Bland, J., and this without the use of quotation marks:

On August 19, 1944, Rawlins Phillips, the judgment creditor, entered into an agreement with Lee Ticehurst, surety on the appeal bond, wherein it was agreed that the surety pay said Phillips $500 in consideration of the latter's releasing the judgment against the surety, and it was further agreed that Phillips would use reasonable diligence to collect the judgment rendered by the Circuit Court from the other judgment debtors, Robert D. Fizette and Helen Fizette Hilsinger, and after the collection of the judgment to deduct therefrom reasonable costs and expenses including attorneys' fees and $32.90 costs paid by Rawlins Phillips, the creditor, the net amount so arrived at to be divided between Lee Ticehurst and Rawlins Phillips. In pursuance of this contract and, on the same day, Rawlins Phillips entered on the margin of the record of the judgment a formal release of the judgment against Ticehurst, expressly retaining all of the former's rights against Robert D. Fizette and Helen Fizette Hilsinger. . . .

Appellant insists that Rawlins Phillips extinguished the judgment against Robert D. Fizette, Helen Fizette and Lee Ticehurst as surety on the bond given in the appeal from the Probate Court by making a settlement and releasing Lee Ticehurst; that when the judgment was rendered in the Circuit Court upon the appeal bond, Ticehurst became a judgment debtor along with the principals in the bond, and Rawlins Phillips, having settled with Ticehurst, extinguished the judgment and left nothing from which to appeal; hence, under the circumstances, there can be no liability upon the appeal bond which it executed as against the appellant.

We think that the appellant is mistaken in its views as to the relationship between the parties to the appeal bond in said appeal given in the Probate to the Circuit Court. It seems to be the contention of the appellant that after judgment was rendered on this bond in the Circuit Court that it and all of the judgment debtors became primarily liable for the debt. There is no merit in this contention.

"In 4 Corpus Juris, 1289, sec. 3403, the law is stated thus: 'Successive appeal bonds given in the same proceedings on further appeal are cumulative, and liability on the first bond is fixed by the intermediate judgment of affirmance, which in turn is superseded by the second bond, and the final judgment of affirmance fixes the liability on both. The second bond is primarily liable, and after the second bond is exhausted, the first is liable for any remaining deficiency.'" [733] Gary Realty Co. v. Swinney, 322 Mo. App. 450, 17 S. W. 2d 505, 509. See, also, Hoppe v. Boerger, Mo. App., 116 S. W. 2d 195, 198, 199; 50 C. J. p. 315. "While, as stated above, payment by one of several primarily liable extinguishes the original debt or judgment, it is otherwise when payment is made by one standing in the relation of surety or guarantor. It is generally held that in equity when one standing in such relation pays he is, at least as against the debtor primarily liable, subrogated to all the rights and remedies of the creditor, and this even without a formal assignment of the debt or judgment, if the intent was not to extinguish same but to keep it alive for the purpose of enforcing the rights of the paying surety." Phelps v. Scott, 325 Mo. 711, 30 S. W. 2d 71, 75, 71 A. L. R. 290.

In the case before us not only was the payment made by the surety who was released, but in the release the creditor expressly retained all of his right in the judgment against the two principal debtors. This shows that it was not the intention to release any part of the judgment or to extinguish it in any way as against the principal debtors. "It is well-established that where a judgment is rendered against a principal and a surety, and the surety pays the judgment, judgment is not necessarily thereby extinguished. If the intention was not to extinguish the judgment, the surety so paying it is entitled to an assignment of such judgment, with all of the rights and liens which attach to it in the hands of the creditor." Schuchman v. Roberts, 234 Mo. App. 509, 133 S. W. 2d 1030, 1035. The principals were not released. When Ticehurst was released on the margin of the record of the judgment Rawlins Phillips retained all of his rights thereunder against the two principals.

This was done prior to the execution and delivery of the bond by the appellant. There was no change in the status or relationship between the parties by reason of the judgment upon the appeal bond given in the appeal from the Probate Court, and the obligation of the principals was the obligation assumed by the present appellant on the bond. Ticehurst paid the $500 to release himself from the judgment as surety, not as a payment on the debt. The debt was not only not released but appellant is not entitled to have its liability upon the bond reduced to the extent of $500, the amount paid by Ticehurst.

It is insisted that the court erred in allowing attorneys' fees, in fixing the amount of damages on the appeal bond given in the ap-

peal from the Probate to the Circuit Court. This is a collateral attack upon the judgment in that case, which the appellant is in no position to make on the grounds assigned. 4 C. J. p. 1271; 5 C. J. S., Appeal and Error, sec. 2040; State ex rel. Gott v. Fidelity & Deposit·Co., supra, 298 S. W. loc. cit. 87, 88, 90; Union State Bank v. American Surety Co., 324 Mo. 438, 23 S. W. 2d 1038.

The judgment is affirmed. All concur.