**Eleanor Sigoloff SILVER, Executrix, etc., Appellant.**

v.

**ESTATE of Sam SILK, Deceased, Respondent,**

No. 37109.

Missouri Court of Appeals,
St. Louis District,
Division Two.

June 22, 1976.

W. W. Sleater, Clayton, for appellant.

Klamen, Summers & Compton, Marvin Kalmen, Alan E. Popkin, William A. Moffitt, Jr., Gershenson & Gershenson, St. Louis, David B. Lacks, Clayton, for respondent.

CLEMENS, Presiding Judge.

The issue here is the appealability of a probate court order granting an allegedly inadequate allowance for a co-executor's services.

The action began in the probate court of the County of St. Louis on the petition of Max Sigoloff for a $25,000 co-executor's fee for services to the estate of Sam Silk, deceased. The probate court allowed only $3,000. Max Sigoloff died, and his executrix, Eleanor Sigoloff Silver, appealed to the circuit court which dismissed the appeal as premature.

The proceedings below occurred in the following sequence: On December 9, 1974 the court heard Max Sigoloff's petition for a $25,000 fee for services as co-executor. The court at that time removed Max Sigoloff as co-executor due to his failing health and ordered him to file a settlement to the time of his removal. On December 15 Max Sigoloff died. On December 18 the probate court granted Max Sigoloff's petition in the amount of $3,000. The probate estate of

Max Sigoloff was opened January 22, 1975 and the next day his executrix, Eleanor Silver, filed the settlement previously ordered by the probate court. On January 28 she appealed the probate order to the circuit court. Defendant Estate of Sam Silk moved to dismiss the Sigoloff appeal on the ground it was premature. On April 29, the circuit court dismissed the appeal. Plaintiff now appeals the circuit court order dismissing her appeal. We reversed and remand.

 The right of appeal from a probate court judgment is purely statutory (§ 472.160, RSMo. 1969), but that statute must be liberally construed to "extend rather than restrict the statutory right to appeal." See *State ex rel. Reis v. Nangle,* 349 S.W.2d 508[8] (Mo.App.1961). That statute authorizes an appeal from the probate court in certain proceedings, specifically including in subparagraph (10), orders making allowances for the *expenses of administration.* It requires no legalistic maneuvering to hold, as we do, that the statutory compensation of an executor (§ 473.153, RSMo. 1969) is an "expense of administration" of a decedent's estate. See 34 C.J.S. Executors and Administrators § 388.

Defendant contends the statutory authority to appeal a probate order is limited to final orders, citing *In re Estate of Ritter,* 510 S.W.2d 188 (Mo.App.1974). That case is distinguishable. It arose from an *interlocutory* order by the probate court for *partial* compensation for services rendered and the appeal there was held to be premature on those specific grounds. Here, the probate court ruling on Max Sigoloff's claim for services was related to his removal as co-executor; it was neither interlocutory nor for partial services, as in *Ritter.*

Respondent also cites *In re Waters Estate,* 153 S.W.2d 774 (Mo.App.1941), and *In re Estate of Bacheller,* 437 S.W.2d 132 (Mo. App.1968). We find the proceedings in each case so distinguishable from those here that neither is in point.

The order of the probate court allowing this allegedly inadequate executor's fee was appealable to the circuit court. The judg-

ment dismissing the appeal is therefore reversed and the cause is remanded.

DOWD and STEWART, JJ., concur.