**JO B. GARDNER, INC., Appellant,**

v.

**Ruth M. BEANLAND, Executrix of the Estate of Henry L. Beanland, Deceased, Respondent.**

**No. KCD 29477.**

Missouri Court of Appeals, Kansas City District.

April 3, 1978.

Jo B. Gardner, Inc., pro se.

William W. Hoertel, Law Offices of Hoertel & Wiggins, Rolla, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

PER CURIAM.

Jo B. Gardner, Inc. (Gardner) filed two claims, one for $10,000.00 and one for $1,788.34, against the Estate of Henry B. Beanland, deceased (Estate), in the Probate Court of Miller County, Missouri. The two claims were apparently consolidated for hearing by the Probate Court and on November 24, 1976, Gardner was allowed $200.00 on the larger claim and nothing on the smaller claim.

Although somewhat hampered by a gaunt record and comparably gaunt briefs, it appears that on December 2, 1976, Gardner timely filed an affidavit for appeal to the Circuit Court of Miller County with the Clerk of the Probate Court of Miller County. Secs. 472.180 and 472.210, RSMo 1969. The Probate Court of Miller County, Missouri, apparently entered an order pursuant to Sec. 472.230, RSMo 1969, within thirty days after Gardner's affidavit for appeal was filed allowing the appeal, because certain portions of the record in the Probate Court were transmitted to the Circuit Court of Miller County, and the Estate thereafter,

to-wit, on February 15, 1977, filed a motion in the Circuit Court of Miller County to dismiss Gardner's appeal on the ground that the circuit court "has no jurisdiction in this cause". An appeal bond pursuant to Sec. 472.220.2, RSMo 1969 [1], was not filed by Gardner until January 11, 1977, some forty days after it filed its affidavit for appeal. Shorn of all unnecessary trappings, the only argument advanced by the Estate at the circuit court hearing in conjunction with its motion to dismiss was that the circuit court lacked jurisdiction to entertain Gardner's appeal because of its dereliction in not filing an appeal bond until after expiration of the statutory time for taking an appeal. Parenthetically, Sec. 472.180, supra, so far as here pertinent, provides that "[a]ll appeals shall be taken within thirty days after the decision complained of is made. . . ." The "decision complained of" was made by the Probate Court of Miller County on November 24, 1976, and Gardner did not file its appeal bond until January 11, 1977. The Circuit Court of Miller County evidently subscribed to the Estate's singular argument because it sustained the Estate's motion to dismiss with the following order: "Case dismissed for lack of jurisdiction of this Court." This appeal by Gardner followed.

Gardner contends on appeal that the filing of the appeal bond within the thirty day time limit for taking the appeal was not jurisdictional. The Estate on appeal reargues that Gardner's failure to file the appeal bond within the thirty day time limit prescribed for taking its appeal rendered the appeal untimely and the Circuit Court

of Miller County without jurisdiction to entertain it. Additionally, the Estate on appeal elaborates on the jurisdictional issue by arguing that Gardner's failure (1) to "specify exactly the orders, judgments, or decrees appealed from . . . ", as required by Sec. 472.210.1(1), RSMo 1969, and (2) to file with the probate court "a written designation of the record" it desired included in the "transcript to be transmitted to the circuit court . . . ", as required by Sec. 472.-210.1(2), RSMo 1969, constitute further grounds to support the circuit court's ruling that it lacked jurisdiction to entertain Gardner's appeal from the Probate Court of Miller County.

Bearing in mind that the circuit court dismissed Gardner's appeal on the narrow ground that it lacked "jurisdiction", the thesis advanced by the Estate below and on appeal, the legal propriety of the circuit court's order of dismissal will be reviewed and determined on appeal on the same narrow basis.

The court in *In re Phillips' Estate*, 357 Mo. 947, 211 S.W.2d 728, 731 (banc 1948), with reference to an appeal bond involving an appeal from the probate court to the circuit court, held that the "requirement of § 287 [2] of the statute respecting the giving of an appeal bond is not jurisdictional, and failure to give it is a mere irregularity." [3] The court in *Amos v. Wetzel*, 133 S.W.2d 361, 362 (Mo.1939), held that "the filing of a proper affidavit for appeal in the probate court is not a prerequisite to the jurisdiction of the circuit court . . . ." [4] Sec. 472.-

1. 472.220.2, RSMo 1969, provides as follows: "Every appellant, if he does not desire to stay the issuance of an execution on the judgment from which he appeals, shall file in the court the bond of himself, or some other person, in a sum and with security approved by the court, conditioned that he will prosecute the appeal, and pay all costs that may be adjudged against him."

2. Sec. 287, RSMo 1939, so far as here pertinent, provided: "Every such appellant shall file in the court the bond of himself, or some other person, in a sum and with security approved by the court, conditioned that he will prosecute

the appeal, and pay all debts, damages and costs that may be adjudged against him."

3. Sec. 289, RSMo 1939, in force at the time of the events occurring in *In re Phillips' Estate*, 211 S.W.2d 728, provided, in part, as follows: "but no appeal shall be dismissed in the appellate court for failure to file affidavit or bond, or because of a defective affidavit or bond, provided the appellant shall file the affidavit and a bond to the satisfaction of the court in which the appeal may be pending."

4. Sec. 290, RSMo 1929, in force at the time of the events occurring in *Amos v. Wetzel*, 133 S.W.2d 361, provided, in part, as follows: "no

230, RSMo 1969, in force and effect at the present time, as well as at all times in question in the instant case, provides, in part, that "[n]o appeal shall be dismissed in the appellate court because of a defective affidavit or bond or designation of record if the appellant files an affidavit and bond and designation of record to the satisfaction of the court in which the appeal is pending."

The composite impact of *In re Phillips' Estate*, supra, *Amos v. Wetzel*, supra, and Sec. 472.230, supra, compels this court to conclude that strict compliance at the probate court level with the requirement of Sec. 472.210.1(3), RSMo 1969, respecting an appeal bond pursuant to Sec. 472.220.2, supra, the requirement of Sec. 472.210.1(1), supra, respecting specific designation of the "orders, judgments or decrees appealed from" in the affidavit for appeal, and the requirement of Sec. 472.210.1(2), supra, respecting "written designation of the record" to be included in the "transcript to be transmitted to the circuit court", was not a prerequisite to the lodging of jurisdiction of Gardner's appeal in the Circuit Court of Miller County. Ergo, dismissal of Gardner's appeal cannot be countenanced on the narrow ground that the Circuit Court of Miller County lacked jurisdiction to entertain it as urged by the Estate.

Judgment reversed and cause remanded.

All concur.