**William J. RAACK, Executor, etc., Appellant,**

**v.**

**Ruby ITALIANO, Respondent.**

**No. 40897.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 2, 1979.

William J. Raack, Clayton, pro se.

L. W. Boschert, St. Charles, for respondent.

REINHARD, Presiding Judge.

Appeal from an order of the circuit court of St. Charles County dismissing an appeal from an order of the probate court allowing the claim of claimant-respondent Ruby Italiano against a certain estate then before it. The probate court allowed the claim on August 12, 1977, and executor-appellant

filed his affidavit of appeal and designation of record with the probate court on September 9, 1977. The probate court allowed the appeal and transferred the cause to the circuit court on September 20. No further action was taken in the case by any party until April 24, 1978, when claimant filed her motion to dismiss the appeal on the ground that the circuit court lacked jurisdiction to hear the appeal by virtue of the executor's failure to perfect his appeal by paying the circuit court docket fee. The executor immediately paid the fee, but the circuit court thereafter granted claimant's motion to dismiss after finding that the appeal was "not complete", the docket fee not having been "paid within time."

The question thus presented on this appeal is narrow—whether the failure to pay the circuit court docket fee within the thirty-day limit for taking appeals from probate to circuit court is fatal to the jurisdiction of the circuit court over the matter. We conclude that it is not, reverse the order dismissing the appeal and remand the cause.

Section 472.180 RSMo 1969, in effect when the events below took place, specifies that appeals from probate orders "shall be taken within 30 days" after the objectionable decision is made. It is clear that the filing of the affidavit for appeal required by § 472.210 constitutes the "taking" of the appeal, which act vests the circuit court with jurisdiction thereof, *Poppa v. Poppa*, 364 S.W.2d 52 (Mo.App.1962). The payment of the circuit court docket fee is addressed in § 472.240 (R.S.Mo.1969) in effect at the time pertinent to events in this case which provides only that the circuit clerk shall file the designated record certified by the probate court to the circuit court "upon payment by the appellant of the circuit court docket fee." No time limit is expressly set by statute for the filing of the certified record or the payment of the docket fee, nor is there any statutory indication that the filing of the certified record constitutes the filing or the "taking" of the appeal.

The general principle informing our analysis of this question was expressed in *Silver v. Estate of Silk*, 538 S.W.2d 732 (Mo.App. 1976), where this court noted that the statutes governing appeals from probate court were to be "liberally construed to 'extend rather than restrict the statutory right to appeal' ", *Id.* at 733.

In *Poppa v. Poppa, supra*, objection was made to the circuit court's jurisdiction to hear an appeal from probate court where there had been a six-month delay in the certification of the record to the circuit court. It was shown that the affidavit for appeal was timely filed, however. The court there held that the jurisdiction that vested in the circuit court upon the "taking" of the appeal by filing of the affidavit was not later divested by the failure to certify the designated record for six months. Similarly, in *Jo B. Gardner, Inc. v. Beanland*, 564 S.W.2d 632 (Mo.App.1978), the failure to file the statutorily required appeal bond within the thirty-day time limit was held not to defeat circuit court jurisdiction of the otherwise properly perfected appeal from probate court.

We discern no reason in law or logic for distinguishing failure to pay the circuit court docket fee from failure either to promptly secure a certification of the record or to file an appeal bond, as a basis for divesting the circuit court of jurisdiction to hear the appeal. Accordingly, we hold that failure to pay the circuit court docket fee within the thirty-day period for taking appeals to the circuit court does not defeat that court's jurisdiction to hear the appeal.

Order reversed and cause remanded.

GUNN and CRIST, JJ., concur.