MOSER & SON v. CHARLES E. TUCKER & CO.

No. 119.

### 1. Property not Liable to Execution.

No property or interest in property is subject to sale under execution or like process unless the debtor, if sui juris, had power to pass title to such property or interest by his own act. Yet uncertain or contingent vested estates or rights may ordinarily be subjected to payment of debts through execution or like process.......................... 96

### 2. Leasehold Estate not Assignable.

Ordinarily a person who has leased real estate for a fixed term has an estate subject to sale under execution, but under the statutes of Texas, in absence of contract permitting the assignment or subletting of the leased premises, a lessee can not pass to another the right to occupy the premises for the whole or a part of the term. Rev. Stats., Sayles' ed., art. 3122........................................................ 97

### 3. Sublessee Without Consent of Landlord.

A transfer by a lessee of the leased premises without the landlord's consent could only make the assignee a tenant at will or at sufferance, dependent upon the will of the landlord. Such estate, even if the transfer were fraudulent, would not be subject to seizure for the debts of the lessee making such transfer................................. 97

### 4. Consent in Lease to Sublet.

It seems that even if by the terms of the lease the lessee be allowed to sublet, that such power could not be exercised by a levy and sheriff sale of the term under execution against the lessee.................. 98

### 5. Certified Questions.

This court will only respond to such certified questions in the case as will determine the litigation. That other questions certified in a case are of importance in other cases, and such fact appearing by the certificate, will not alter the rule ......................................... 99

QUESTIONS CERTIFIED from Court of Civil Appeals for Third District, in an appeal from McLennan County.

*Clark, Dyer & Bolinger,* for appellants.

*Jones, Kendall & Sleeper,* for appellees.

STAYTON, CHIEF JUSTICE.—The facts on which questions certified are based are, that Moser & Son, an insolvent firm, for valuable consideration, assigned to others an unexpired leasehold estate extending from October 4, 1888, to October 1, 1891, in part of a lot and store house thereon, which the assignees sublet from time of assignment to May 7, 1889, receiving therefor as rent $115 per month.

Charles E. Tucker & Co. were creditors of Moser & Son at time lease was assigned, and on their claim recovered a judgment on May 8, 1889, on which execution issued that was returned " nulla bona." On September 9, 1889, they instituted this suit against the assignees of the lease, in the nature of a creditor's bill, charging that the transfer of the leasehold estate was made in fraud of creditors, and that of this the assignees had notice; and their prayer was that the transfer be set aside, and that the assignees be required to pay into court money collected as rent for the premises, which they prayed might be applied to satisfaction of their judgment.

Under these facts three questions are certified.

The first is: " If it be conceded that Moser & Son transferred said leasehold estate to Clark, Dyer & Bolinger with intent to hinder, delay, and defraud the plaintiffs, and that Clark, Dyer & Bolinger had notice that such was the intent of Moser & Son, it not being shown that the plaintiffs would have derived any benefit from that portion of said lease estate extending from October 4, 1888, when Clark, Dyer & Bolinger took possession, to September 9, 1889, when this suit was instituted, if the transfer to Clark, Dyer & Bolinger had not been made, and the leasehold estate had remained the property of Moser & Son, are the plaintiffs entitled to recover from Clark, Dyer & Bolinger for money received by them from their tenant for the use of said leased premises prior to the beginning of this suit?"

In absence of statement to the contrary, it must be assumed that Moser & Son held under an ordinary lease contract; and at the foundation of all questions certified lies the inquiry, whether they had such an estate or property in the leased premises as could be seized and sold under execution, or otherwise be subjected to the claims of their creditors.

In this inquiry all exemption Moser & Son may have had on account of the manner in which the property may have been used by them prior

to their attempted assignment of the leasehold interest to defendants will be disregarded.

If they had not such interest in the property as could be subjected to payment of their debts, it is evident that plaintiffs have no cause of action; for they can not stand upon more favorable ground than would they had they purchased the leasehold estate of Moser & Son at sale under execution before Moser & Son attempted to pass their interest to defendants.

It must be conceded that no property or interest in property is subject to sale under execution or like process, unless the debtor, if sui juris, has power to pass title to such property or interest in property by his own act. Coombs v. Jordan, 22 Am. Dec., 249; same case, 3 Bland's Ch., 284; Knox v. Hunt, 18 Mo., 246; Watson v. Dodd, 68 N. C., 530.

There is no doubt that uncertain or contingent vested estates or rights in property may ordinarily be subjected to payment of debts through execution or like process; but under sales so made no greater or more certain interest can pass than might have been conferred by a conveyance made by the debtor; and whatever contingency would have defeated his right will have the same effect upon a person who holds by conveyance through him, however made.

It is not, however, every interest in property a debtor may have right to or to acquire that may be subjected to sale under execution or otherwise for payment of his debts; for in many instances his right is so remote and contingent that it is deemed more likely to subserve the ends of justice not so to subject it, than to take the risk of sacrifice of contingent right by procedure which will most likely be of no practical benefit to the creditor or may be ruinous to the debtor.

This is illustrated by cases decided in this State. Daugherty v. Cox, 13 Texas, 209; Hendricks v. Snediker, 30 Texas, 296; Edwards v. Norton, 55 Texas, 410.

In the classes of cases referred to the debtor has an interest which by his own act he may convey; but was such the character of interest held by Moser & Son?

The contract between Moser & Son and their landlord was that *they* might use the leased premises for a term of years; that was the sole right conferred by it; and it would not be contended that the sale of such a right, or equitable relief of any character based on the existence of such a right, could confer any benefit whatever upon a creditor of Moser & Son.

If they had continued to exercise all the right conferred upon them by the lease contract, that would not have conferred on their creditors any benefit which they had right to demand; and the surrender of their right longer to use the property deprived creditors of no right on which they could claim relief from a subsequent occupant, unless Moser & Son had some estate which they might transmit to another, and thus deprive cred-

itors of something to which they had right to resort for payment of their claims.

That ordinarily a person who has leased real estate for a fixed term has an estate subject to sale under execution is doubtless true; but under the statutes of this State, in the absence of contract which permits assignment or subletting of leased premises, a lessee can not pass to another the right to occupy the premises for the whole or a part of the term.

The statute with reference to which lease contracts are made provides: "If lands or tenements are rented by the landlord to any person or persons, such person or persons renting said lands or tenements shall not rent or lease said lands or tenements during the term of said lease to any other person, without first obtaining the consent of the landlord, his agent or attorney." Sayles' Civ. Stats., art. 3122.

In the absence of such a statute or of covenant against assignment or subletting, a tenant has an estate in lands of which he may dispose—that is, subject to execution; and if fraudulently conveyed, creditors may reach it in any lawful manner while in the hands of a fraudulent assignee.

The theory of the creditors is, that the leasehold estate was subject to sale for payment of sum due them, and that as Moser & Son disposed of that in fraud of that right, they have claim for rents arising from its use against the persons to whom Moser & Son conveyed.

This is a mistake, for Moser & Son had no estate they could convey to another, and the right of persons claiming through them depended solely on the will of the landlord, who could lawfully refuse to permit them to occupy the premises; until his consent was given their holding would be as trespassers. But if their holding under Moser & Son could make them either tenants at will or at sufferance—and this much they could acquire through the assignment of Moser & Son—it is clear, even then, that they acquired from Moser & Son no estate subject to seizure for their debts; for such estates or tenancies are not subject to execution. Wildy v. Bonney, 26 Miss., 35; Waggoner v. Speck, 3 Ohio, 293; Colvin v. Baker, 2 Barb., 207; Bigelow v. Finch, 11 Barb., 499.

The reason of this rule is thus stated: "An occupant by the permission and at the will of the owner has no estate which he can transfer by a voluntary conveyance, and no possession which can be regarded as independent of or adverse to that of the owner. Hence, he has no interest in the title nor in the possession susceptible of transfer by execution." Freem. on Ex., 177.

On the same foundation, in view of the statute, stands this rule which denies to Moser & Son any estate they could pass by voluntary act, which is conclusive against the right of their creditors to any claim against defendants, who became tenants of the owner of the premises, and subject to all the duties and obligations that relation imposes if holding by his

consent, or if holding without his consent, subject to such liabilities as are trespassers.

The imperative character of an assignment or agreement to assign made by a tenant holding under a statute such as that in force in this State, or under covenant against assignment without consent of the landlord, is illustrated by the case of Willmott v. Barber, 15 Chancery Decisions, 96.

In that case a tenant holding under such a covenant made agreement to assign his term to another, under circumstances that seem to have conferred upon that person strong equities against the landlord on question of right to have that agreement carried out; but on suit brought against the tenant to enforce specific performance of contract to assign, it was held, that such relief could not be given, because the tenant could not be compelled to perform such a contract in violation of the right of the landlord.

The right of plaintiffs must depend on the capacity of Moser & Son to assign the term, and not on right conferred on defendants by consent of the landlord to their holding, which in effect makes a contract between them.

If, however, it could be held that Moser & Son had right to assign the leased premises, subject to the election of the landlord to consent to such assignment, and to his right to re-enter in case of dissent, still we are of opinion that creditors could not be permitted to subject property dependent on such contingencies to forced sale; for it would not bring a fair price, and competitive bidding could be practically cut off by consent of the landlord that some particular bidder might take and hold under assignment so made, while the same right was denied to all other persons who might desire to purchase.

If the owner of rented land should consent that his tenant might assign or sublet, unless the power was conferred in such terms as to show that it was not intended that it should be exercised as a personal trust in so far as the selection of a suitable tenant was concerned, it would seem that the same difficulty in regard to the forced sale of a leasehold estate would exist as though no consent had been given by the owner of the land; for such sales must be made at auction, and the officer selling would have no power to place any restriction on bidders based on their fitness for tenants or ability to pay rents as they might fall due.

The general views expressed are conclusive of the rights of the parties on the facts stated, and it becomes unnecessary to consider some of the interesting questions certified.

It is suggested that some of the questions certified may become important in the decision of other causes pending, and for that reason their discussion is asked, even if we should be of opinion that this is not necessary in the present case; but there are several objections to such a course.

When questions are certified to this court, it is the right of persons interested in their decision to be heard upon them in person or by counsel, and that right would be cut off if the course suggested was pursued.

Litigants in a particular case must bear the expenses of litigation in that case, and courts have neither the power nor right to shift any part of that upon litigants in other cases.

If the course suggested was pursued, some additional expense would be imposed upon some party to this suit for and on account of matters in which they are not interested, from which parties to some other cause or causes would derive the benefit.

A no less serious objection to such a course is, that the law does not authorize it, but requires the very question arising in the case pending to be certified, and until its decision, the cause in which that question arises must " be retained for final adjudication in accordance with the decision of the Supreme Court upon the issue submitted." It is not enough that a question certified may arise in some other case.

Delivered May 31, 1894.