Dan **HENNIGAN**, Appellant,

v.

Lois Leclerc **HENNIGAN**, Appellee.

No. C14–83–075CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 26, 1984.

Rehearing Denied Feb. 16, 1984.

R.V. Hebison, Houston, for appellant.

Angelo Parrish, Parrish & Parrish, Bill DeLaGarza, DeLaGarza & Associates, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Hoover, Cox and Miller, a Houston law firm, represented Appellee in her divorce action with Appellant. Subsequently, Hoover, Cox and Miller obtained a judgment against Appellant for attorney fees in the amount of $3,596.00 plus interest and court costs, and filed an Application for Turnover pursuant to TEX.REV.CIV.STAT.ANN. art. 3827a (Vernon Supp. 1982–1983). The judge granted the application and appointed a Receiver. In two points of error Appellant contends that the trial court erred in appointing a Receiver because the "prerequisites" of art. 3827a had not been met and because no evidence that Appellant owned present or future property on which a Receiver could operate was adduced. We overrule both points and affirm the trial court's decision.

■ Appellant first argues that art. 3827a requires a judgment creditor to "first exhaust his legal remedies of attachment, execution, garnishment, etc., prior to seeking relief [under art. 3827a]." The language of the statute simply does not support Appellant's position. Article 3827a states in pertinent part that

(a) A judgment creditor whose judgment debtor is the owner of property, including present or future rights to property, *which cannot readily be attached or levied on by ordinary legal process and is not exempt from attachment, execution, and every type of seizure for the satisfaction of liabilities,* is entitled to aid from a court of appropriate jurisdiction by injunction or otherwise in reaching the property to satisfy the judgment.

(b) The court may order the property of the judgment debtor referred to in Subsection (a) of this section, together with all documents or records related to the property, that is in the possession or control of the judgment debtor, to be turned over to any designated sheriff or constable for execution or otherwise applied toward the satisfaction of the judgment. The court may enforce the order by proceedings for contempt or otherwise in case of refusal or disobedience.

(c) The court may appoint a receiver of the property of the judgment debtor referred to in Subsection (a) of this section, with the power and authority to take possession of and sell the nonexempt

property and to pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. (emphasis added).

The statute contemplates a court appointing a Receiver when nonexempt property *cannot readily* be attached. Such a situation certainly existed in this case. Appellant is an attorney who receives some of his income from retainer fees and some from billing at an hourly rate. Income of this nature, attorney fees, is inherently difficult to get to satisfy a judgment. Appellant testified that he has a separate bank account for his practice and sometimes carries account receivables on his books. However, when asked point blank by the trial judge whether he intended to pay the judgment, he responded, "Well, not voluntarily." In addition, Hoover, Cox and Miller told the court that the firm had unsuccessfully tried to depose Appellant about his assets on two prior occasions. The statement of facts indicates that Appellant refused to attend the depositions. The difficulty was compounded in this case when Appellant testified at one point that moneys he received could be garnished, but then testified, in answer to the next question, that these moneys were exempt.

Appellant's testimony and apparent refusal to attend two depositions concerning his assets made it abundantly clear that his moneys could not be *readily* attached. Article 3827a was designed to aid a judgment creditor who found himself in such a predicament. *See Arndt v. National Supply Co.*, 650 S.W.2d 547 (Tex.App.—Houston [14th Dist.] 1983, no writ); *Pace v. McEwen*, 617 S.W.2d 816 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); SENATE COMM. ON JUDICIAL AFFAIRS, BILL ANALYSIS, Tex.S.B. 965, 66th Leg. (1979). The trial court correctly appointed a Receiver.

■ Appellant's argument that there was no evidence that he was the owner of present or future rights to property on which the Receiver could operate likewise is without merit. We believe that in this second point of error Appellant tried to argue that unearned nonexempt future income does not constitute future property rights. This argument blossomed during the oral submission of the case to include the assertions that: (1) attorney's fees constitute current wages; (2) which, since they are exempt from garnishment under TEX. CONST. art. 16, § 28, cannot be acted on by a Receiver; and that (3) since current wages are exempt, future wages (presumably unearned) are also exempt. Appellant is wrong on all points.

The question of whether attorney fees constitute current wages, thus being exempt from garnishment, was answered negatively in *First National Bank of Cleburne v. Graham*, 22 S.W. 1101 (Tex.Civ. App.1889, no writ). Almost as if it were anticipating our question, that court stated:

> Can an attorney's fee for legal services rendered or to be rendered in a single case, or in the transaction of a single matter, or in the transaction of any amount of legal business, in any manner be correctly termed "current wages," where he has not been hired for his services by the day, week, or month, to be paid at the expiration of the time for which he was hired, and not in proportion to the business done? We think not.

Appellant testified that he was not hired by the day, week or month, with the exception of those clients he charged retainer fees. However, Appellant stated that his clients on retainer are also billed at an hourly rate when the amount of the retainer already paid does not cover the actual costs of his services rendered. Apparently some of Appellant's clients do pay him on a daily, weekly, biweekly or monthly basis, thereby raising the question that some of his income should be considered as current wages. However, later cases have developed the concept of "current wages" and have settled on the opinion that the term "implies a relationship of master and servant, or employer and employee, and excludes compensation due to an independent contractor as such." *Brasher v. Carnation Co.*, 92 S.W.2d 573 (Tex.Civ.App.— Austin 1936, writ dism'd). We find that an

attorney engaged in private practice is an independent contractor and does not receive current wages. Thus, his fees for legal services rendered may be garnished.

■ Since we have determined that attorney fees are not exempt from garnishment, we must next consider whether any distinction between accounts receivable, earned future income and unearned future income exists. If a distinction does exist, then only some types of Appellant's income could be acted upon by the Receiver. We find no distinction.

In TEX.BUS. & COM.CODE ANN. § 9.106 (TEX.UCC) (Vernon Supp. 1982–1983), account is defined follows:

> "*Account*" means any right to payment for goods sold or leased *or for services rendered* which is not evidenced by an instrument or chattel paper, *whether or not it has been earned by performance* ....

The official comment to this section states that "[t]his Article rejects any lingering common law notion that only rights already earned can be assigned." *Id.* (Official Comment). Thus, under § 9.106 Appellant can assign his accounts receivable, consisting of current or future, earned or unearned, attorney fees as property securing a transaction. Since these accounts are considered property, they are subject to action by a Receiver under art. 3827a. Appellant's position that only current or future earned income can be classified as property is untenable.

For the reasons stated above, we affirm the trial court's decision.