## In re FORT DODGE ROOFING CO., Debtor.

### Bankruptcy No. 83–03028.

United States Bankruptcy Court, N.D. Iowa.

July 2, 1985.

Eli J. Wirtz, Des Moines, Iowa, for Stetson Building Products Corp.

Thomas T. Tarbox, Fort Dodge, Iowa, Trustee in Bankruptcy for debtor—Fort Dodge Roofing Co.

David A. Opheim, Fort Dodge, Iowa, for debtor—Fort Dodge Roofing Co.

David A. Sergeant, Fort Dodge, Iowa, for accountant.

*Findings of Fact, Conclusions of Law, and ORDERS re Trustee's Motion to Determine Ownership of Account, with Memorandum*

WILLIAM W. THINNES, Bankruptcy Judge.

The parties to this matter have posited a most interesting question for the Court, namely, was the assignment of a series of accounts from Fort Dodge Roofing Co. to Stetson Building Products Corp. a transfer on account of an antecedent debt, thereby excepting it from the applicability of Article 9 of the Uniform Commercial Code, or was the transfer merely a device for acquiring a security interest in the accounts such that perfection under Article 9 of the Uniform Commercial Code would be required. The answer to the question posted above will determine the ownership of the account receivable initially owed by Malta High School of DeKalb, Illinois, to Fort Dodge Roofing Co. and which ownership is now claimed by Stetson Building Products Corp. The Attorneys litigating the question were: Eli J. Wirtz for Stetson Building Products Corp. and Thomas T. Tarbox, Trustee. The Court has reviewed the evidence as well as the briefs submitted by the parties and now makes the following Findings of Fact, Conclusions of Law and Orders.

## FINDINGS OF FACT

1. On or about May 7, 1982, Fort Dodge Roofing Co. assigned seven accounts receivable to Stetson Building Products Corp. with a total value as per the face of the assignments of $52,702.51. At that time Fort Dodge Roofing Co. owed Stetson Building Products Corp. in excess of $170,000.00 on open account. Stetson Building Products Corp. provided materials to Fort Dodge Roofing Co. for use in its various contracting jobs. These were provided to Fort Dodge Roofing Co. on an open account basis.

2. The total accounts receivable of Fort Dodge Roofing Co. at the time the assignment was made totalled $842,762.18. In addition, Fort Dodge Roofing Co. had work in progress on numerous jobs for which it had contract rights of $831,610.30.

3. On only one previous occasion, approximately two years prior to taking the assignment from Fort Dodge Roofing Co., had Stetson Building Products Corp. been involved in an assignment of accounts receivable with one of its customers. The President of Stetson testified that, in general, Stetson only does business with its customers on open account and does not take a secured position with its customers.

4. After the assignment of accounts was taken, Stetson did not credit Fort Dodge Roofing for receipt of the accounts. There was ambiguity in the testimony inasmuch as Stetson's management consultant testified that the account receivable owed by Fort Dodge Roofing was not credited so that the company would be in compliance with accounting practices.

5. Stetson Building Products Corp. contacted the Malta High School after the assignment of the account and indeed sent the original of the assignment to Malta High School. Malta had complaints regarding the roof that had been installed by

Fort Dodge Roofing. Stetson maintained contact with Malta High School as well as Fort Dodge Roofing in an effort to resolve the problems with the roof. The problems were alleviated and Malta High School determined that it was ready to tender payment but was in a quandary as to who should be paid, namely, the Trustee in the bankruptcy of Fort Dodge Roofing Co. or Stetson Building Products Corp., the holder of the assignment. Therefore, the Trustee filed his Motion to determine the ownership of the account receivable of Malta High School.

## CONCLUSIONS OF LAW

1. The Court concludes that the assignment of accounts receivable of Fort Dodge Roofing Co. to Stetson Building Products Corp. was not an absolute transfer of those accounts to Stetson. Therefore, the exception to the applicability of Article 9 of the Iowa Commercial Code as set forth in section 554.9104(f), Code of Iowa, is inapplicable to the case at bar.

2. The transfer of the accounts receivable was a transfer for purposes of giving Stetson Building Products Corp. a security interest in those specific accounts receivable of Fort Dodge Roofing Co. But for the exception found in section 554.9302(1)(e), Stetson would only have an unperfected security interest in the accounts receivable of Fort Dodge Roofing transferred on May 7, 1982.

3. The Court concludes that since the total of the accounts transferred on May 7, 1982, was only 6.2 percent of the accounts receivable denominated as such on the books of Fort Dodge Roofing, that the transfer was not of a significant part of the outstanding accounts of the assignor, Fort Dodge Roofing Co. As such, Stetson Building Products Corp. was not required to file a financing statement with the Secretary of State and is perfected in the account owed by Malta High School without such filing.

## ORDERS

IT IS ORDERED that the Trustee in Bankruptcy of Fort Dodge Roofing Co. shall treat the account receivable of Fort Dodge Roofing Co. owed by Malta High School as an account in which Stetson Building Products Corp. has a properly perfected security interest.

## MEMORANDUM

It is the contention of the Trustee in Bankruptcy that the transfer of accounts receivable from Fort Dodge Roofing Co. to Stetson Building Products Corp. on May 7, 1982, was not an absolute transfer of the accounts to Stetson Building Products Corp. The Court agrees with the Trustee, given the nature of the transactions involved. At the time of the assignment, Stetson was owed on open account in excess of $170,000.00 by Fort Dodge Roofing. Stetson informed the Debtor that it would not continue to provide materials to the Debtor on open account unless arrangements were made on the past due open accounts.

Fort Dodge Roofing Co. agreed to transfer seven accounts to Stetson. This transfer was accomplished via an instrument denominated as an assignment. On its face, the assignment appears to be absolute in form. After the assignment was made, Stetson did not adjust its books to decrease the amount owed to it by Fort Dodge Roofing and in fact claimed that after the transfer was made, Fort Dodge Roofing was still indebted to it in the amount of $170,000. There is no record regarding any credits to the account of Fort Dodge Roofing for any payments made to Stetson on the other assignments to Stetson. The Court is perplexed by the fact that no credit was made to the account of Fort Dodge Roofing owed to Stetson after the transfer was made. Therefore, the Court concludes that even though Stetson acted as the owner of the account, the transfer was in reality merely a transfer of a security interest in the accounts rather than an outright transfer of the ownership to Stetson.

Having successfully avoided the first obstacle in his path to claim the account re-

ceivable owed by Malta High School, the Trustee falters in light of the second obstacle placed in its path by Stetson. Stetson claims that even if the transfer of the accounts receivable was merely a transfer of a security interest in the accounts receivable, that it was not required to perfect that security interest as it falls within a recognized exception to the requirement that perfection of security interests be accomplished by filing a financing statement. Stetson cites the following exception set forth in the Iowa Code § 554.9302(1)(e):

A financing statement must be filed to perfect all security interests *except* the following:

\* \* \* \* \* \*

(e) An assignment of accounts which does not alone or in conjunction with other assignments to the same assignee transfer a significant part of the outstanding accounts of the assignor. (Emphasis supplied). Code of Iowa (1985).

The Court has reviewed Iowa case law, a task which is relatively simple given that no cases exist, and concludes that Stetson's interpretation of the cited code section is correct. Stetson cites an annotation found in 85 ALR3d 1050 entitled, *When is Filing of Financing Statement Necessary to Perfect an Assignment of Accounts Under UCC § 9–302(1)(e).* This annotation explains in great detail the provisions of said section and points out that the courts have utilized two basic tests to determine whether filing a financing statement is necessary to perfect a security interest in accounts receivable. These tests are:

casual and isolated transactions test; and

percentage of accounts test.

The casual and isolated transactions test is based upon the comments found to § 554.9302(1)(e) wherein the drafters of the Uniform Commercial Code stated:

The purpose of the subsection (1)(e) exceptions is to save from *ex post facto* invalidation casual or isolated assignments: some accounts receivable statutes have been so broadly drafted that all assignments, whatever their charac-

teristic or purpose, fall within their filing provision. Under such statutes many assignments which no one would think of filing may be subject to invalidation. The subsection (1)(e) exceptions go to that type of assignment. Any person who regularly takes assignments of any debtor's accounts should file. In this connection, § 9–104(f) which excludes certain transfers of accounts and contract rights from the article should be consulted. (Emphasis in Original).

In the case at bar, the president of Stetson testified that on only one previous occasion had Stetson accepted an assignment of accounts receivable. That was approximately two years before accepting the assignment in the instant case. Since Stetson is not involved in the commercial lending business, it appears that its acceptance of assignments of accounts receivable is indeed an isolated and casual transaction such that it would fall within the casual and isolated transaction test derived from the comments quoted above.

In a similar fashion, a percentage test has been utilized by numerous courts as has been set forth in the ALR annotation cited above. Under the percentage test, courts have found that transactions in which 40 percent of the accounts receivable were transferred constitutes a significant part of the outstanding accounts of the assignor. 85 ALR3d at 1053. Conversely, courts have generally held that assignments did not constitute a "significant percentage" of the total accounts where the assignments in question ranged anywhere from 5 percent to 16 percent of the assignor's total accounts. 85 ALR3d at 1054. In this context, Stetson argues that at most the accounts assigned to it constituted 6.2 percent of the accounts receivable of Fort Dodge Roofing Co. at the time the assignment was made. Stetson further argues that accounts receivable should not be the sole measure utilized in determining the percentage in application of the percentage test. Rather, Stetson argues that contract rights and/or work in progress should also be added to the accounts receivable to de-

**670**

termine the denominator to be used in determining what percentage of the assignor's accounts have been transferred.

This Court makes no comment on the above argument inasmuch as only 6.2 percent of the accounts receivable were transferred. The Court concludes that 6.2 percent is not a significant percentage of the accounts receivable and therefore Stetson meets the percentage test to qualify for the exception to filing a financing statement.

CONCLUSION

This Court concludes that although the assignment of accounts receivable was not an absolute transfer of those accounts to Stetson Building Products, the assignment was one which fits within the enumerated exception to the requirement of filing a financing statement to perfect a security interest. The test which the Iowa Supreme Court might choose to apply is inapposite inasmuch as Stetson proved its case under both tests. The Court finds that the Trustee's argument that $52,000 is a significant sum is unpersuasive in light of the total accounts receivable of Fort Dodge Roofing at the time the transfer was made.

Therefore, the Court concludes that Stetson Building Products is a creditor having a properly perfected security interest in the account in question. This does not, however, remove the account in question from property of the estate. The Trustee will need to deal with this property as he deems appropriate in light of the foregoing conclusions of this Court.