### In re FIRST CITY MORTGAGE COMPANY, Debtor.

Bankruptcy No. 385–32296–A–11.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Sept. 29, 1986.

On Motion for Rehearing Jan. 28, 1987.

John Exline, Matthews, Kroemer, Johnson & Turner, Dallas, Tex., for debtor.

John Flowers, John H. Reid, Locke, Purnell, Boren, Laney & Neely, Dallas, Tex., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAROLD C. ABRAMSON, Bankruptcy Judge.

On September 4, 1985, First City Mortgage Company ("FCMC") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Thereafter, FCMC has operated as a business and managed its assets as a Debtor in Possession. FCMC is in the business of servicing, originating, and warehousing mortgages.

In late 1981, FCMC and RepublicBank Dallas executed a document titled "Collateral Assignment of Mortgage Servicing Income Rights and Other Contract Rights" (the "Assignment Document"). The mortgage servicing duties and income rights covered by the Assignment Document encompass all or nearly all of the mortgage servicing income of the debtor. Listed as an appendix to the Assignment Document are the various mortgage servicing contracts with which it is concerned (the "Servicing Agreements").

Although default has occurred under the lending agreement between RepublicBank and FCMC, the debtor continues to provide the services and receive the income provided for by the Servicing Agreements. RepublicBank is not a party to the Servicing

Agreements, but it appears to have complied with the contractual requirement contained in the Servicing Agreements for the taking of a security interest therein. RepublicBank had made no objection to FCMC's continued performance of the Servicing Agreements, although it had knowledge of it, until it filed its cash collateral motion on May 5, 1986. It must be noted that RepublicBank has not filed a financing statement naming FCMC as a debtor.

In its cash collateral motion, RepublicBank asserted that the income from the Servicing Agreements constitutes cash collateral to which it has a right and that its rights were not adequately protected. FCMC countered with the assertion that RepublicBank's interest is unperfected and subject to avoidance. The focus of this controversy is on the income.

This is a proceeding involving issues under 11 U.S.C. §§ 363, 552 and 544. At issue is whether the Assignment Document effects an absolute assignment or merely provides for a security interest, whether the income of FCMC is cash collateral, and the nature of the debtor's rights in the Servicing Agreements for purposes of applying 11 U.S.C. § 544(a)(1), (2). The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and § 1334. This memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The Assignment Document states in part:

[FCMC] by these presents does hereby grant, bargain, sell, release, convey, assign, pledge, mortgage, hypothecate, set over and confirm unto [RepublicBank] and grant security interests to [Republic-Bank] in, all of [FCMC's] right, title and interests in and to each right of [FCMC] to earn future income by continuing to service each separate mortgage loan ... and to receive income from each and every such right, together with any and all other rights of [FCMC] under the Servicing Agreements.

\* \* \* \* \* \*

[RepublicBank] acknowledges and agrees that the foregoing assignment is for collateral security purposes only ...

Because Bankruptcy Code §§ 363 and 552(b) are subject to § 544, we take up the § 544 issues first. Applying Texas law [1], this Court looks first to the documents to determine whether an absolute assignment or a security interest was intended by the parties to the Assignment Document. *Taylor v. Brennan,* 621 S.W.2d 592 (Tex.1981); see also note 4 *infra.*

RepublicBank cites the Court to *Matter of Village Properties, Ltd.,* 723 F.2d 441 (5th Cir.1984), and argues that the Assignment Document is analogous to the collateral assignment of rentals under a deed of trust considered in that case by the Court of Appeals. RepublicBank then argues that its cash collateral motion supplies the necessary obtaining possession of the property, impounding the rents, securing the appointment of a receiver, or other "similar action" required to perfect the assignment under Texas law.[2]

 This Court holds that the requirements for protecting RepublicBank's interest under the Assignment Document are set out in Chapter 9 of the Texas Business and Commerce Code (Article 9), which applies to any transaction that is intended to create a security interest.[3] By the clear

---

**1.** 4 Collier on Bankruptcy, ¶ 544.02.

**2.** *Matter of Village Properties, Ltd.,* 723 F.2d at 441; *Taylor v. Brennan,* 621 S.W.2d 592, 594 (Tex.1981). Although the interests claimed here are not interests in realty, the Court notes the Texas practice of filing deeds of trust with the county where the mortgaged property is located. Prior to the adoption of the Uniform Commercial Code, Texas had long required that assignments of accounts be recorded in the office of the County Clerk. Tex.Rev.Civ.Stat.Ann. art.

260–1 (Vernon 1968, Appendix to Tex.Bus. & Comm.C. §§ 7.101 to 9.507), repealed by acts 1965, 59th Leg., Vol. 2, p. 1, ch. 721, § 10–102, ef. June 30, 1966. For a discussion of accounts assignment filing see *Parker Square State Bank v. Triangle Supply Co.,* 364 S.W.2d 418 (Tex.Civ. App. Eastland 1963, writ ref'd n.r.e.).

**3.** Tex.Bus. & Comm.C. § 9.102 (Vernon Supp. 1986).

and unambiguous terms of its own agreement, RepublicBank has limited its interest in the Servicing Agreements to that of a security interest.[4] RepublicBank contends that Tex.Bus. & Comm.C. § 9.104(6) (Vernon Supp.1986) excludes the assignment from Article 9 coverage and therefore, that *Village Properties* states the applicable law. However the claimed exclusion applies only to transactions which by their nature have nothing to do with commercial financing transactions.[5] The assignment in this case clearly does not fit within this exception. It is of a substantial portion, if not all, of the Debtor's accounts and it was made in conjunction with an existing debtor/creditor relationship. Moreover, RepublicBank never assumed any of the risks attendant with the Servicing Agreements. Nor does the assignment fit within the exception to the rule requiring that a financing statement be filed in order to perfect a security interest found in Tex.Bus. Comm.C. § 9.302(a)(5) (Vernon Supp.1986). There is nothing "casual or isolated" about the transfer at issue here. Cf. *Abramson v. Printer's Binding, Inc.*, 440 S.W.2d 326 (Tex.Civ.App.—Dallas 1969, no writ).

█ In short, RepublicBank has a standard Article 9 security interest in accounts and general intangibles of the Debtor, and that security interest is perfected by filing a financing statement naming the debtor with the Secretary of State of Texas. RepublicBank has not filed the required financing statement and accordingly the security interest evidenced by the Assignment Document is not perfected.[6]

RepublicBank next argues that their security interest is not subject to avoidance under Bankruptcy Code § 544(a)(1)(2), because the property rights of the Debtor in Possession in the Servicing Agreements are not interests in realty and are not of a character that is susceptible to levy or execution under state law. The point is based on the premise that: "In Texas, contract rights which may not be transferred freely by a judgment debtor are not subject to execution." (Brief of RepublicBank p. 9.) The Servicing Agreements contain certain restrictions on assignment by the debtor which, RepublicBank asserts, prevent their free transfer by the debtor. The case of *Moser v. Tucker*, 87 Tex. 94, 26 S.W. 1044 (1894), is cited in support of this argument. *Moser* dealt with an assignment of a lease by a lessee and a statutory prohibition of such assignments absent the lessor's consent. The case is illustrative of a special circumstance, but it is distinguishable from the case at bar. The rule applicable to the instant case was set out in *Gregg v. First National Bank*, 26 S.W.2d 179, 181 (Tex. Comm.App.1930, judgm't adopted). An interest in property of a judgment debtor is subject to execution when the interest is such that the debtor *might* have assigned it. (emphasis supplied) In *Gregg*, the Court found that the interest of the beneficiary of a trust, where all that remained for the trustee to do was to identify the interests, was property subject to execution. The rule was further explained in *Jensen v. Wilkinson*, 133 S.W.2d 982 (Tex.Civ.App.—Galveston 1939, writ ref'd). In *Jensen* the Court held that a possibility of reverter in a working interest in an oil and gas lease could be sold at an execution sale. The possibility of reverter was a greater interest than a mere expectancy or a mere equity, and hence, subject to execution. Likewise, in *Lozano v. Guerra*, 140 S.W.2d 587

---

4. The record contains numerous other examples indicating the purpose of RepublicBank has been throughout to retain a security interest and not to effect an absolute assignment. For example, the Assignment Document further recites that it is a security agreement; the Loan Agreement between RepublicBank Dallas and the Debtor provides for a security interest in all accounts, general intangibles, instruments, documents and/or proceeds (¶ 4.1(ii)) as well as providing that RepublicBank Dallas shall have the option to perform any duty or covenant of the Debtor, but no responsibility to perform any such duty or covenant (¶ 10.2). RepublicBank has not made any attempt to actually perform the Servicing Agreements of which it claims to be the assignee.

5. Tex.Bus. & Comm.C. § 9.104, Comment 6 (Vernon Supp.1986).

6. Tex.Bus. & Comm.C. §§ 9.401, 9.402(a) (Vernon Supp.1986).

(Tex.Civ.App.—San Antonio, 1940, no writ), it was held that a beneficiary's interest in an estate directed to be managed by the independent administrator could be sold at an execution sale, subject to the administration and the terms of the will.

RepublicBank's reliance on an often quoted excerpt from the *Moser* opinion is misplaced. The Court in *Moser* stated: "No property or interest in property is subject to sale under execution or like process unless the debtor, if sui juris, has power to pass title to such property or interest in property by his own act...." It is not necessarily the Servicing Agreements in toto that are the subject of this proceeding, it is any interest of FCMC in the Servicing Agreements. The income and the right to that income might have been assigned by FCMC. That such an assignment is possibly subject to an act of another party to the Servicing Agreements is of no consequence in this proceeding. Though the debtor's rights may be subject to a contingency, no right possessed by a party other than the debtor is involved here.

█ It can thus be readily seen that the rights of FCMC in the income produced under the Servicing Agreements are such as would be subject to execution under Texas law.[7] The Court holds that FCMC's right to income under the Servicing Agreements are such as might be assigned and, to that extent, under 11 U.S.C. sec. 544(a), the unperfected security interest of RepublicBank is subject to avoidance by the Debtor in Possession.[8] *Sommers v. International Business Machines,* 640 F.2d 686 (5th Cir.1981); *In re S.O.A.W. Enterprises, Inc.,* 32 B.R. 279 (Bankr.W.D.Tex.1983); *Matter of Joseph Kanner Hat Co.,* 482 F.2d 937 (2d Cir.1973).

Earlier in the proceedings, the Court entered an order granting RepublicBank a replacement lien to protect its asserted interest in the Servicing Agreements, as adequate protection. The conclusions of the Court render the replacement lien unnecessary, and that prior order will be set aside.

### AMENDED ORDER SETTING ASIDE ORDER OF JUNE 9, 1986 GRANTING REPLACEMENT LIEN AS ADEQUATE PROTECTION

At Dallas, Texas on this 26th day of September, 1986, came on to be heard the above-numbered and entitled proceeding, and it appearing to the Court that heretofore on the 9th day of June, 1986, an Order was entered in this proceeding granting RepublicBank Dallas a replacement lien on property of the estate as adequate protection, and it appearing that same should be set aside for the reasons set forth in the Findings of Fact and Conclusions of Law filed by the Court in this same proceeding on this date;

IT IS THEREFORE ORDERED that the Order dated June 9, 1986 be, and it is hereby, set aside.

### ON MOTION FOR REHEARING

At Dallas, Texas on the 9th day of January, 1987 came on before the court the motion of RepublicBank Dallas, N.A. ("RepublicBank") for rehearing of its earlier motion to segregate cash collateral and for other relief. Having considered the issues, the arguments of counsel, and the pertinent authority, the court is of the view that the relief requested by RepublicBank should be denied in its entirety.

A bankruptcy court is a court of equity and equity accords full relief to a party entitled. This court is of the view that,

---

7. The Court notes that in Texas not every interest of a judgment debtor in property may be subject to sale under execution. The limit stated in the decisions is when a right is so remote and contingent that it is deemed by the court more likely to subserve the ends of justice, not so to subject it. See, *Moser,* supra; *Shaw v. Frank,* 334 S.W.2d 476 (Tex.Civ.App.—El Paso 1959, no writ).

8. 11 U.S.C. § 544; 11 U.S.C. § 1107; Tex.Bus. & Comm.C. § 9.301(a)(2) (Vernon Supp.1986). Because of our disposition of the issues presented, the Court has necessarily found that RepublicBank has no right to proceeds under 11 U.S.C. §§ 552(b), and 363(a).

given the persistent characterization by RepublicBank of the court's earlier Findings of Fact and Conclusion of Law and Orders entered pursuant thereto as addressing solely its position regarding cash collateral, the court should, and hereby does, make it clear that the security interest asserted by RepublicBank is avoided under 11 U.S.C. § 544 and 11 U.C.S. § 105 as amended by Pub.L. No. *99–554* (1986).

In the court's Findings of Fact and Conclusions of Law, entered on September 29, 1986, the court found that RepublicBank was the holder of an unperfected security interest and subordinate to the rights of the Debtor-in-Possession in his capacity as trustee under 11 U.S.C. § 1107. 11 U.S.C. § 544, Tex.Bus. & Comm.C. § 9.301 (Vernon Supp.1986). The Findings of Fact and Conclusions of Law were entered in response to RepublicBank's cash collateral motion and the Debtor-in-Possession's assertion of its "strong arm" powers. The court concluded that the interests of the Debtor-in-Possession in certain mortgage servicing agreements were such as might be assigned, and thus the strong arm powers of the Debtor-in-Possession would reach these rights and bring them into the estate. The court adheres to that conclusion today.

The case, at bottom, is simple and answered by the simple maxim: "bankruptcy cuts off unrecorded equities." RepublicBank no longer maintains that the security interest was an absolute assignment, but they assert that the court erred in concluding that the collateral was within the reach of the strong arm powers.

We consider the rights of the Debtor-in-Possession under 11 U.S.C. § 544(a)(1)–(2). State law defines the character of the federal law rights accorded the Debtor-in-Possession under 11 U.S.C. § 544. *Commercial Credit Co. v. Davidson (In re Chancellor)* 112 F.2d 54 (5th Cir.1940). These rights were described by Judge Holmes in *In re Waynesboro Motor Co.,* 60 F.2d 668, 669 (S.D.Miss.1932), as providing the Debtor-in-Possession with "the character of the ideal creditor, irreproachable and without notice, armed cap-a-pie with every right and power conferred by a state upon its most favored creditor." The law of Texas provides that unperfected consensual liens on personalty are subject to the rights of lien creditors, including the bankruptcy trustee. Tex.Bus. & Comm.C. § 9.301(a)(2)–(c) (Vernon Supp.1986). In the official commentary to this section, the drafters state: "The section rejects the rule applied in many jurisdictions in pre-code law that an unperfected security interest is subordinated to all creditors, but requires the lien obtained by legal proceedings to attach to the collateral before the security interest is perfected." (Comment 3). The drafters further state: "[T]his article does not permit a secured party to file or take possession after another interest has received priority under subsection [ (a) ] and thereby protect himself against the intervening interest." (Comment 5).

RepublicBank argues in its brief in support of the motion for rehearing that: (1) garnishment is the only available remedy under the strong arm powers of the Debtor-in-Possession, and (2) all of the contract rights to income that were unmatured as of the date of bankruptcy were contingent and thus not subject to garnishment. This argument is, of course, no more than a variation of its earlier assertion that such contract rights were not subject to execution. RepublicBank would have the court posit the hypothetical strong arm creditor out serving writs on every mortgagor serviced by the Debtor and then limited to writs effective on the date of bankruptcy and no more. The court prefers to follow the statute and place the hypothetical strong arm creditor wherever he may need to be, replete with any incidentals, process, papers, proof, or whatever is required to make him the "ideal creditor". *Fifth Third Union Trust Co. v. Kennedy,* 185 F.2d 833 (2d Cir.1950); *In re Martin,* 6 B.R. 827 (Bankr.C.D.Cal.1980). Thus, we are not so concerned with what misfortune could befall a lien creditor in Texas as we are with what relief such a creditor may be entitled to. It is the Debtor-in-Possession exercising the strong arm power that is

entitled under federal law to the court's indulgence on this point, not the unperfected secured creditor. *In re Mosley,* 55 B.R. 341 (Bankr.W.D.Ky.1985).

Thus we reject RepublicBank's argument that garnishment is the only state law process available under the facts of this case. The court has already noted in its Findings of Fact and Conclusions of Law that an interest in property capable of assignment may be subjected to execution unless the interest is so remote or contingent that a court deems it to be in the interests of justice to prevent execution. *Moser v. Tucker,* 87 Tex. 94, 26 S.W. 1044 (1894). In this regard we note the provision for a court to aid in the collection of judgments through judicial proceedings. Tex.Civ. Prac. & Rem.C. § 31.002 (Vernon 1986). This statute covers property, including present or future rights to property, that (1) cannot readily be attached or levied on by ordinary legal process and (2) is not exempt. *See Hennigan v. Hennigan,* 666 S.W.2d 322 (Tex.Civ.App.—Houston [14th Dist.] 1984) writ ref'd n.r.e. 677 S.W.2d 495 (Tex.). Likewise, we note Tex.Civ.Prac. & Rem.C. § 34.001(b) (Vernon 1986), which permits multiple successive writs of execution to be issued and thereby indefinitely extend the life of the judgment lien. *Maddox v. Summerlin,* 92 Tex. 483, 49 S.W. 1032 (1899); *Cf., Hochstadler v. Sam,* 73 Tex. 315, 11 S.W. 408 (1889) (addressing attachment by creditor on a simple contract). Even if we accept RepublicBank's contention that the strong arm powers must be determined as of the commencement of the case only,[1] it is plainly obvious that either with the aid of a court or a levy of execution at that moment, the judgment lien could be sustained indefinitely. Thus, in this case there is no possibility that RepublicBank could ever attain the position of priority it would have had with a perfected security interest. Tex.Bus. & Comm.C. § 9.301(a) (Vernon Supp.1986).

Considering the character of the rights of the Debtor-in-Possession in the mortgage servicing agreements and the state law procedures for execution thereon, the court is constrained to say that the rights of the Debtor-in-Possession under 11 U.S.C. § 544 have such continuing priority that all potential realization of those rights must inure to the estate. Counsel for Debtor-in-Possession is directed to prepare an appropriate order.

---

**1.** The statutory requirement for determining the rights of the trustee (debtor-in-possession) under § 544(a) at the commencement of the case appears to stem from the holding in *Lewis v. Manufacturers National Bank,* 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961). 4B Collier on Bankruptcy ¶ 70.51 (14th Ed.1967).