**In re CRABTREE CONSTRUCTION COMPANY, INC., Debtor.**

**SCHAAF & JOHNSON, INC., Plaintiff,**

v.

**CRABTREE CONSTRUCTION COMPANY, INC., Defendant.**

**Bankruptcy No. 87–03974–BKC–TCB.**
**Adv. No. 88–0181–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

June 22, 1988.

Gregory L. Scott, West Palm Beach, Fla., for plaintiff.

Daniel L. Bakst, West Palm Beach, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The plaintiff creditor seeks a determination of the validity, priority and extent of its lien against property of the chapter 11 debtor. The matter was tried on May 10.

The facts are stipulated in Joint Exhibit A. The question of law is whether plaintiff is exempt under *Fla.Stat.* § 679.302(1)(e) from filing a financing statement in order to perfect its security interest against the debtor's accounts receivable identified in the complaint.

Four of the debtor's accounts receivable were identified as collateral in a security agreement dated February 26, 1987 in favor of the plaintiff. The debtor transferred its interest in these accounts in the amount of $173,144. The document creating the security interest between the parties is captioned "Security Agreement (Chattel Mortgage)." It secures the debtor's payment of $93,000. Plaintiff has not filed a financing statement.

Plaintiff relies on *Fla.Stat.* § 679.302(1)(e) which provides:

"A financing statement must be filed to perfect all security interests except the following:

(e) An assignment of accounts which does not alone or in conjunction with other assignments to the same assignee transfer a significant part of the outstanding accounts of the assignor."

The debtor counters with the assertion that plaintiff's interest is unperfected and subject to avoidance under 11 U.S.C. § 544(a). Debtor argues that the document executed between the parties is a security agreement and not an *assignment* and, therefore, does not fall within the above exception. I disagree.

In the Official Comment to this statutory section of the Uniform Commercial Code adopted in Florida, it is noted that:

"this Article applies to sales of accounts, contract rights or chattel paper as well as to *transfers of such intangibles for security* (Section 9–102(1)(b)); the filing requirement of this Section applies both to sales and to *transfers for security* ... (Emphasis added).

"The purpose of the subsection (1)(e) exemptions is to save from *ex post facto* invalidation casual or isolated assignments; some accounts receivable statutes have been so broadly drafted that all assignments, whatever their character or purpose, fall within their filing provisions. Under such statutes many assignments which no one would think of filing may be subject to invalidation. The subsection (1)(e) exemptions go to that type of assignment. Any person who regularly takes assignments of any debtor's accounts should file."

■ A party or institution engaged in commercial transactions which takes assignments of accounts in significant amounts is held to the filing requirements of § 679.302. It is undisputed that what occurred in this case was an isolated transaction. Plaintiff is in precisely the category of party for whom the statutory exemption was intended. The debtor's argument that the form of the document created a security interest and not an absolute assignment does not preclude the applicability of the statutory exception. *In re Fort Dodge Roofing Co.*, 50 B.R. 666, 668–69 (Bankr.N.D.Iowa 1985). Eliminating hidden traps from the isolated transaction would not depend on the caption used in a document if the intent was clearly to transfer an interest in accounts.

I have not overlooked the cases cited by the debtor dealing with the distinction between an assignment and a security interest. However, the cases do not support the proposition that the § 679.302(1)(e) exception is applicable only to absolute assignments. *See Matter of Equitable Dev. Corp.*, 617 F.2d 1152, 1157 n. 4 (5th Cir. 1980); *In re First City Mortgage Co.*, 69

B.R. 765 (Bankr.N.D.Tex.1986) (interest unperfected because substantial portion of accounts transferred and not casual or isolated transaction).

The second issue is that, as stipulated: "The accounts receivable given as security were 14% of the overall accounts of the debtor at time the security agreement was executed. Debtor contends that it was 25% of the collectible accounts. Creditor objects to this contention on the grounds of relevancy." (Joint Ex. A ¶ 5).

The issue of collectibility of accounts raised in the debtor's defense is discussed in *In re B. Hollis Knight Co.*, 605 F.2d 397 (8th Cir.1979). The court stated that: "[t]he ultimate uncollectibility of an account receivable standing by itself would not remove the account from consideration as one of the assignee's outstanding accounts." *Id.* at 402.

The court reasoned that the facts available at the time of the assignment were determinative of whether an assignment constitutes a significant part of assignor's outstanding accounts. *Id.* at 400. I agree.

■ There is no evidence that the plaintiff had knowledge of the debtor's account structure at the time of the assignment which would establish cause to devalue the total accounts or provide information that what was assigned had a greater percentage value than the face amount. Under these circumstances, I find that collectibility later determined by the parties is not relevant in determining whether a significant portion of accounts has been transferred. Therefore, no purpose would be served by determining whether the 25% figure proposed by the debtor takes this assignment outside the exception. In this transaction, I find that 14% of the debtor's overall accounts receivable is not a "significant part" within the meaning of the statute.

For the foregoing reasons, I find that the chattel mortgage was an assignment to plaintiff within the meaning of the statute which created a security interest in the debtor's accounts. This assignment did not

require filing to perfect the plaintiff creditor's interest.

As is required by B.R. 9021(a), a separate judgment will be entered ordering that plaintiff's security interest in the four accounts receivable listed as collateral on the February 26, 1987 Security Agreement is superior to the debtor-in-possession's right, title and interest as trustee in such accounts receivable and the collections, if any, received from such accounts.

The debtor is directed to account for all property subject to plaintiff's security interest as above defined. The rights determined here shall be incorporated into the formulation of the debtor's chapter 11 plan of reorganization, and the amount of funds available for distribution to creditors shall be determined in accordance with the foregoing decision.

Costs may be taxed on motion.