**CARLYLE REAL ESTATE LIMITED PARTNERSHIP–X, Appellant,**

v.

**Ralph LEIBMAN d/b/a Rebel Liquor Store, Appellee.**

No. 01–88–01101–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 6, 1989.

Wesley S. Caddou, Houston, for appellant.

James B. Warren, Houston, for appellee.

Before EVANS, C.J., and DUNN and MIRABAL, JJ.

## OPINION

EVANS, Chief Justice.

The appellant, Carlyle Real Estate Limited Partnership–X, sued the appellee, Ralph Leibman d/b/a Rebel Liquor Store, alleging that the appellee had breached the terms of his written lease agreement covering certain premises in Carlyle's Highpoint Shopping Center. When the appellant filed its original petition, it inadvertently omitted the "X" from the end of its name, and the appellee, in his answer and counterclaim, adopted the style of the appellant's pleading. Thus, in the appellee's counter-

claim, the "X" did not appear at the end of the appellant's name.

After a jury trial, which resulted in a verdict in favor of the appellee, the trial court entered a take-nothing judgment against the appellant, and awarded the appellee damages against the appellant on its counter-claim. When the original judgment was entered, it carried forth the same error in the name of the plaintiff's name, i.e., it omitted the "X" at the end of the plaintiff's name. The appellant then brought an appeal to this Court, using its correct name "Carlyle Real Estate Limited Partnership–X." In that appeal, we reformed the judgment to reflect reduced actual damages, and as so reformed, affirmed the trial court's judgment. *Carlyle Real Estate Ltd. Partnership v. Leibman*, No. 01–87–00595, 1988 WL 10843 (Tex.App. —Houston [1st Dist.] February 11, 1988) (unpublished).

Thereafter, the appellant filed application for writ of error in the Texas Supreme Court, again using its correct name, "Carlyle Real Estate Limited Partnership–X." On June 22, 1988, the Texas Supreme Court denied the appellant's application for writ of error.

At the conclusion of those appeals, the appellee tried to levy execution under the judgment. In response, the appellant's attorney took the position that there was no such entity as "Carlyle Real Estate Limited Partnership." On July 21, 1988, the appellee moved for the entry of a judgment nunc pro tunc, which the court granted on August 1, 1988, correcting the judgment by showing the appellant's true name, "Carlyle Real Estate Limited Partnership–X." The appellant then filed a motion for leave to file writ of mandamus with this Court, seeking to compel the trial court to vacate the judgment nunc pro tunc. In its motion, the appellant made the same contention that it makes on this appeal. In an unpublished opinion dated August 12, 1988, we denied leave to file the writ of mandamus, concluding that the judgment nunc pro tunc corrected a clerical, not a judicial error. *Carlyle Real Estate Ltd. Partnership–X v. Chambers*, No. 01–88–00725–CV,

1988 WL 86899 (Tex.App.—Houston [1st Dist.] August 12, 1988) (unpublished).

On August 9, 1988, the trial court held a hearing on the appellee's motion for relief under the turnover statute, Tex.Civ.Prac. & Rem.Code Ann. sec. 31.002 (Vernon Supp. 1989). As a result of that hearing, the court enjoined proposed distributions to the appellant's limited partners unless the appellant filed a bond in the amount of $75,-000. On August 12, 1988, the court signed an order granting the relief ordered at the turnover hearing, and also required the appellant to pay attorney's fees in the amount of $5,000 in connection with that proceeding. The appellant seeks review of these rulings.

In its first three points of error, the appellant contends that the trial court's judgment nunc pro tunc was an ineffective attempt to correct a judicial, as distinguished from a clerical error, after the court's plenary power had expired, and that there is no evidentiary basis to support the entry of the judgment nunc pro tunc.

■ A trial court has plenary power to vacate, modify, correct, or reform a judgment until the expiration of 30 days after a motion for new trial has been overruled, either by written order or by operation of law. Tex.R.Civ.P. 329b(e). After the expiration of such period of time, the court has no power to enter a judgment nunc pro tunc to correct a judicial error. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973). But a court may, at any time, correct clerical mistakes in the record of any judgment, and thereafter the execution will conform to the judgment as amended. Tex.R.Civ.P. 316; *Campbell v. Hart*, 256 S.W.2d 255, 257–58 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n.r.e.).

■ On oral submission, the appellant concedes that it has been the real party in interest throughout all stages of this proceeding, and therefore, there is no question but that the appellant was the original plaintiff and cross-defendant in the suit. Indeed, the appellant could hardly contend otherwise, in view of its own pleadings and exhibits that are included in the transcript.

We hold that the trial court did not err in rendering the judgment nunc pro tunc to accurately reflect the legal name of the party against whom the judgment was rendered. *See Whicker v. Taylor*, 422 S.W.2d 609, 610–11 (Tex.Civ.App.—Waco 1967, no writ) (judgment nunc pro tunc held proper to correct the name of the plaintiff whose initials were transposed in original judgment); *Kendall v. Johnson*, 212 S.W.2d 232, 236–37 (Tex.Civ.App.—San Antonio 1948, no writ) (judgment rendered against Murphy Products Co. properly corrected to show the true name of the corporation to be Murphy Products Company of San Antonio). We note that the appellant has not cited any authority in support of its position that the court corrected a judicial, as distinguished from a clerical error.

■ In its fourth point of error, the appellant complains that the trial court erred in awarding attorney's fees in connection with the turnover proceeding, claiming that there was no evidence presented showing that such fees were reasonable and necessary.

The turnover statute specifically provides for an award of attorney's fees. Tex. Civ.Prac. & Rem.Code Ann. sec. 31.002(e) (Vernon 1986). In his application for post-judgment injunctive or turnover relief, the appellee requested reasonable attorney's fees in the amount of $5,000. Further, the attorney's fees were attested to by an affidavit attached to the appellee's response to motion for clarification and cross-motion for further post-judgment relief. This sworn affidavit by the appellee's attorney sets forth the reasonable and necessary expenses for the application for turnover relief, as well as additional expenses in the event the turnover application is appealed. There was no testimony at the hearing itself concerning attorney's fees.

We conclude that the claim for attorney's fees is governed by Tex.Civ.Prac. & Rem. Code Ann. sec. 38.001 (Vernon 1986). Under that section, there is a rebuttable presumption that the usual and customary attorney's fees are reasonable. Tex.Civ. Prac. & Rem.Code Ann. sec. 38.003 (Vernon 1986). The statute further provides that in a proceeding before the court, the court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence. *See Tesoro Petroleum Refining Corp. v. Coastal Refining & Marketing, Inc.*, 754 S.W.2d 764, 767 (Tex.App. —Houston [1st Dist.] 1988, writ denied). Moreover, the trial court need not formally announce that it has taken appropriate judicial notice, and it will be presumed that the court did so, in the absence of evidence to the contrary. *Holsworth v. Czeschin*, 632 S.W.2d 643 (Tex.App.—Corpus Christi 1982, no writ).

The allowance of attorney's fees is within the sound discretion of the trial court, and its judgment will be reversed only upon a clear showing of abuse. *Espinoza v. Victoria Bank & Trust*, 572 S.W.2d 816, 828 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Here, the appellee's affidavit documented attorney's fees of $5,000 in connection with the turnover proceeding. This amount was not contested by the appellant, and it has not charged the trial court with an abuse of discretion in its award.

The appellant's fourth point of error is overruled.

The appellee asserts two cross-points on appeal. In his first cross-point, the appellee argues that the trial court erred in refusing to appoint a receiver pursuant to Tex.Bus. & Com.Code Ann. sec. 17.59 (Vernon 1987). We need not decide this question because the issue is now moot. On oral submission, both parties stipulate that an adequate supercedeas bond has now been filed by the appellant, which protects the appellee's rights under the judgment.

The appellee's first cross-point is overruled.

■ In his second cross-point, the appellee urges this Court to assess damages against the appellant for bringing this appeal without sufficient cause and for the purpose of delay, as provided under Tex.R. App.P. 84.

The record reflects that the initial judgment against the appellant was signed on

April 13, 1987. The appellant appealed unsuccessfully to this Court and to the Texas Supreme Court. When the sheriff attempted to execute on the judgment, over one year after judgment had been rendered, the appellant brought up the discrepancy in the name for the first time. Then after the court entered a judgment nunc pro tunc to reflect the correct name of the party against whom the judgment was entered, the appellant again appealed, contending that Carlyle Real Estate Limited Partnership–X was a new and separate entity whose rights had not been litigated at trial. The appellant has continued to maintain this position, in spite of the fact that the record conclusively shows, as the appellant now concedes, that at all times, it has been the real party in interest.

This Court has held that Rule 84 damages are appropriate when the appellant has no reasonable grounds to believe the judgment will be reversed, and when the appeal was not taken in good faith, but for delay only. *Stewart v. Texco Newspapers, Inc.*, 734 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1987, no writ). The record before this Court shows that the appellant had no reasonable expectation that the trial court's judgment would be reversed at the time this appeal was perfected. We find such appeal was therefore groundless, frivolous, and brought only for the purpose of delay.

Where the appellate court determines that an appeal has been brought for delay and without sufficient cause, the court may award the prevailing party an amount not to exceed 10% of the amount of damages awarded against the appellant. Tex.R.App.P. 84. Here, the trial court rendered judgment against the appellant for $66,000 in actual damages.

We reform the the judgment of the trial court by adding an additional $6,600, as damages awarded against the appellant pursuant to Tex.R.App.P. 84, and as so reformed, the judgment is *affirmed*.