**Thomas E. ROSS and James T. Lombardino, Appellants,**

v.

**3D TOWER LIMITED, Appellee.**

No. C14–91–0075–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 23, 1992.

Rehearing Denied Feb. 20, 1992.

Thomas E. Ross, Houston, for appellants.

Brian D. Womac, James E. Clinebell, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal of a turnover order filed against appellants to enforce an agreed judgment. Appellants were ordered to turn over property to satisfy a $10,000 agreed judgment on a promissory note, plus post-judgment interest and attor-ney's fees, for a total award of $13,903.84. We affirm.

Both Ross and Lombardino filed notice of appeal and a cost bond. Although there is a question as to whether Lombardino filed for bankruptcy, and therefore, was not a party to this appeal, no motion for severance has been made. Thus, the appeal is good as to both parties. Nevertheless, Lombardino did not file an appellate brief or pursue his appeal so the appeal as to him is dismissed for want of prosecution.

Appellant, Thomas Ross, brings six points of error: that no opportunity to be heard was given appellant; that an order to pay future monies is not "property" contemplated by the Turnover Statute; that the order was not supported by the pleadings or any evidence; that the property is exempt; and, that the attorneys fees were improperly awarded.

On December 8, 1988, appellant executed an "Agreed Judgment" with appellee to secure a promissory note in the amount of $10,000. Pursuant to appellant's default, the judgment was entered by the trial court January 31, 1989. Appellant concedes that the judgment was not appealed and is final. Appellee filed an Application for Turnover on September 25, 1990 pursuant to TEX.CIV. PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986) (hereinafter Turnover Statute). An order to appear and show cause why a turnover order should not be granted was filed the same day. The show-cause hearing was set for October 26, 1990, at 9:30 a.m., but only appellee appeared at the appointed time, and the court granted the default turnover order. Appellant then filed a motion for rehearing claiming that his attorney was detained in another court. The trial court granted the motion and sat the second hearing for December 7, 1990, at 9:30 a.m. Apparently, neither appellant nor his attorney were present at this hearing. The court subsequently denied the second motion for rehearing.

■ In his first point of error, appellant asserts that the trial court erred in granting the turnover order because he was not given an opportunity to be heard. Also, he

contends there was no extraordinary relief necessitating a denial of this right. Appellant cites as authority *Ex parte Stanford,* 557 S.W.2d 346 (Tex.App.—Houston [1st Dist.] 1977, no writ). However, that case dealt with a show-cause hearing why Sanford should not be held in contempt. As this case did not yet involve a contempt hearing, appellant was not deprived of a right to be present in a criminal or quasi-criminal proceeding. Additionally, section 31.002 does not provide for notice to be afforded defendant in a turnover proceeding. *See Ex parte Johnson,* 654 S.W.2d 415, 418 (Tex.1983). We find that notice or opportunity to be heard was not required by the statute. However, appellant had both notice and opportunity to be heard twice. Appellant's first point of error is overruled.

◼ Under his second point of error, appellant asserts that the court erred by granting the turnover order because an order to pay a sum of money not yet in his possession is not the turnover of property as contemplated by the Turnover Statute. The Texas Turnover Statute provides in pertinent part:

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, *including present or future rights* to property, that:

(1) cannot readily be attached or levied on by ordinary legal process; and

(2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

(b) The court may:

(1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control....

(2) otherwise apply the property to the satisfaction of the judgment; or

(3) appoint a receiver....

(e) The judgment creditor is entitled to recover reasonable costs, including attorney's fees.

TEX.CIV.PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986) (emphasis added).

The phrase "present or future rights to property" has been interpreted by this court to include an attorney's accounts receivable of present or future, earned or unearned, fees. *See Hennigan v. Hennigan,* 666 S.W.2d 322, 325 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). We find that an attorney's accounts receivable, which consists of legal fees to be paid in the future are subject to turnover under the Texas Turnover Statute. Point of error two is overruled.

◼ In points of error three and four, appellant contends the trial court erred in granting the turnover order because the pleadings were not verified, did not support the order, and, because no evidence was presented. Specifically, appellant argues that the pleading requested the appointment of a receiver and did not request monthly payment into the registry of the court. The Order for Turnover, provided that payment of the judgment was to be satisfied by monthly installments of $500 with a final payment of $451.92. Where there are no special exceptions, pleadings are to be liberally construed. *See Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.1982). Additionally, a judgment puts the debtor on notice that satisfaction will be pursued. *See Merrit v. Harris County,* 775 S.W.2d 17, 21 (Tex.App.—Houston [14th Dist.] 1989, writ denied). Although appellee never requested a specific sum of money to be paid each month, there was a request for the judgment to be enforced. As noted above, part (b)(2) of the Turnover Statute allows the court to otherwise apply property to satisfy the judgment. We find that this allows an order of a monthly sum of money to be paid into the registry of the court. The court is also not required to appoint a receiver as the language of the statute is permissive in this respect.

◼ Appellant also complains that there was no evidence to support the pleadings. In his argument, appellant alleges that because appellee sought $10,000 plus interest and attorney's fees, the amount was unliq-

uidated, and therefore, requires evidence or a verified pleading. Appellant is incorrect in this regard. Appellee offered an *agreed judgment* covering the amount of the promissory note plus interest, in addition to a request for $2,000 for attorney's fees incurred in that proceeding. Thus, damages were already liquidated in the form of an agreed judgment and required no additional evidence.

■ Appellant is also attempting to assert a defense of offset to the judgment. However, appellant did not appear at the appointed time on October 26, 1990, to answer appellee's suit for turnover, nor did appellant plead and prove satisfaction. The only defense noted in the record was appellant's motion for rehearing alleging that "not all lawful offsets and credits" were given. There is no evidence in the record to support this defense. Therefore, appellant cannot raise this point on appeal. *See Matrix, Inc. v. Provident American Ins. Co.*, 658 S.W.2d 665, 667 (Tex.App.— Dallas 1983, no writ). Points of error three and four are overruled.

■ Appellant asserts in point of error number five that the turnover order was improperly granted because the property to be turned over is exempt. Appellant cites article 16, section 28 of the Texas Constitution wherein current wages for personal services are exempt from garnishment. "Current wages" have been defined to imply "a relationship of master and servant, or employer and employee, and excludes compensation due to an independent contractor as such." *Brasher v. Carnation Co.*, 92 S.W.2d 573 (Tex.Civ.App.—Austin 1936, writ dism'd). Indeed, this court has found that "an attorney engaged in private practice is an independent contractor and does not receive current wages. Thus, his fees for legal services may be garnished." *Hennigan v. Hennigan*, 666 S.W.2d 322, 325 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). We hold that attorney's fees received for legal services are not exempt from the Texas Turnover Statute. Appellant's fifth point of error is overruled.

■ In his sixth and final point of error, appellant contends that the trial court erred in granting attorney's fees as part of the order because there was no evidence presented to support the pleadings. In appellee's Application for Turnover, it was pled that "plaintiff receive reasonable costs and attorney's fees in the amount of two thousand ... dollars for presentation of this Application for Turnover...." The Turnover Statute expressly provides for reasonable costs, including attorney's fees. TEX.CIV.PRAC. & REM.CODE ANN. § 31.002(e) (Vernon 1986). The recovery of attorney's fees under this section is governed by TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 et seq. (Vernon 1986). *See Carlyle Real Estate v. Leibman*, 782 S.W.2d 230, 233 (Tex.App.—Houston [1st Dist.] 1989, no writ). Section 38.003 provides in part that "[i]t is presumed that the usual and customary attorney's fees ... are reasonable." Further, a court may take judicial notice of the usual and customary attorney's fees without additional evidence in a proceeding before the court. TEX.CIV. PRAC. & REM.CODE ANN. § 38.004 (Vernon 1986). Even where a plaintiff does not request the court to do so, and where the court does not announce that it took notice, a reviewing court may nevertheless presume that the trial court took judicial notice of reasonable attorney's fees. *See Holsworth v. Czeschin*, 632 S.W.2d 643, 645 (Tex.App.—Corpus Christi 1982, no writ). An allowance of attorney's fees will not be overturned absent a clear abuse of discretion. *See · Carlyle Real Estate v. Leibman*, 782 S.W.2d 230, 233 (Tex.App.— Houston [1st Dist.] 1989, no writ). We find that the trial court took judicial notice of reasonable attorney's fees and we find no abuse of discretion. Appellant's final point of error is overruled.

For the reasons stated above, we affirm the trial court's judgment.