TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00154-CV






Victor Ortiz, Appellant



v.



Tracy Kay Ortiz, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 95-763-F368, HONORABLE BURT CARNES, JUDGE PRESIDING 







 Victor Ortiz appeals from the trial court's order disposing of several motions to
modify the divorce decree between him and his former spouse, Tracy Ortiz. (Tracy Ortiz has
remarried and now uses the last name Snyder. For clarity, the parties will be referred to as Ortiz
and Snyder.) The court order: granted Ortiz's motion to reduce child support, denied Snyder's
motion to enforce child support, granted Snyder's motion to enforce property division, denied
Ortiz's motion to enforce visitation, denied Ortiz's motion to modify conservatorship, granted
Snyder's motion to modify conservatorship, and granted judgment against Ortiz for attorney's
fees.

 We will detail necessary facts from the record under specific issues.(1) Perhaps the
only facts that were not vigorously disputed before the trial court were that Ortiz and Snyder
divorced in 1995, were appointed joint managing conservators of their two daughters,(3) and have
had significant problems with visitation arrangements. Ortiz attacks the order by the following
issues: the trial court erred in excluding certain evidence; the trial court erred in naming Snyder
sole managing conservator; the trial court erred in its order granting Snyder's motion enforcing
the property settlement; and, the trial court erred in its award of attorney's fees. We will affirm
the trial court's order.





Exclusion of Evidence



 The admission and exclusion of evidence is committed to the discretion of the trial
court. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995); Waldrep v. Texas
Employers' Ins. Ass'n, 21 S.W.3d 692, 703 (Tex. App.--Austin 2000, pet. denied). For the
exclusion of evidence to be reversible error, the appellant must show that the error probably
caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a); McCraw v. Maris, 828
S.W.2d 756, 758 (Tex. 1992); New Braunfels Factory Outlet Center, Inc. v. IHOP Realty Corp.,
872 S.W.2d 303, 310 (Tex. App.--Austin 1994, no writ). In other words, the complaining party
usually must show that the judgment turns on the particular evidence excluded. Alvarado, 897
S.W.2d at 753-54; Waldrep, 21 S.W.3d at 705. In determining if the excluded evidence probably
resulted in the rendition of an improper judgment, a court must review the entire record. 
McCraw, 828 S.W.2d at 758; Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex.
1989). A judgment ordinarily will not be reversed for erroneous rulings on admissibility of
evidence when the evidence in question is cumulative and not controlling on a material issue
dispositive to the case. See Gee, 765 S.W.2d at 396; Reina v. General Accident Fire & Life
Assurance Corp., Ltd., 611 S.W.2d 415, 417 (Tex. 1981); IHOP Realty Corp., 872 S.W.2d at
310.

 Ortiz complains of the court's exclusion of records concerning Snyder's
employment at Samsung, an income-tax return of Snyder's, and the children's attendance records
at school. Ortiz wanted to introduce detailed records concerning Snyder's employment at
Samsung. He wanted to show that she was fired for excessive absences and possibly for
submitting a false medical report, apparently in order to challenge her credibility. The court heard
testimony from Ortiz on those issues, however. It also heard testimony from Snyder that her
absences were due to her children's medical problems and her need to take them to the doctor, that
she had asked Ortiz to take time off to help her but he refused, and that she felt she had to choose
between her job and her children. The voluminous documentary evidence Ortiz proposed to
introduce was cumulative to his attack on Snyder's credibility--she never denied having problems
at Samsung. Exclusion of any records pertaining to her salary could not have been harmful
because Ortiz received the child support reduction he requested and her motion to enforce child
support was denied. For the same reason, exclusion of the income tax return could not have been
harmful.

 Ortiz also wanted to introduce records concerning the children's grades and school
attendance. The court heard testimony concerning problems that the children had had in school,
including testimony from a counselor they were seeing. The court also heard evidence that the
children's school performance was improving. With regard to using the children's problems as
a factor in considering whether custodial arrangements should be modified, the court had before
it ample testimonial evidence to consider; the proposed documentary evidence from their school
records was cumulative.

 We find the evidence about which Ortiz complains was either irrelevant or
cumulative of evidence already before the court and therefore do not find that any possible error
probably caused an improper judgment. Tex. R. App. P. 44.1(a); McGraw, 828 S.W.2d at 758. 
We overrule this issue.

Change in Conservatorship



 Each party moved to modify the joint managing conservatorship; each sought to be
named the sole managing conservator. The court had ample evidence before it to conclude that
the joint managing conservatorship had to be modified. See Tex. Fam. Code Ann. § 156.203
(West 1996).

 The best interest of the child is the court's primary consideration in determining
issues of conservatorship, possession, and access to the child. Tex. Fam. Code Ann. § 153.002 
(West 1996). Upon review, the trial court is given wide latitude in determining the best interest
of the child and will be reversed in such cases only when it has abused its discretion. Gillespie
v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982); Doyle v. Doyle, 955 S.W.2d 478, 479 (Tex.
App.--Austin 1997, no pet.). A trial court abuses its discretion only when it acts in an
unreasonable or arbitrary manner, or when it acts without reference to any guiding principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). This Court may
not reverse for abuse of discretion merely because we disagree with a decision of the district court. 
Id. at 242. In custody matters, where personal observation and evaluation of the parties and their
claims is so valuable, we give great deference to the trial court's judgment. Doyle, 955 S.W.2d
at 481-82.

 Perhaps the best summary of the evidence presented is contained in the court's
admonition to both parties that they needed to behave like adults and keep the children's best
interests in mind. Ortiz made it clear that he wholly disapproved of Snyder's parenting of the
children. Most of his ire seemed to focus on what he saw as a lack of discipline, i.e., they had
difficulty sitting still at the table and interrupted adults. On the other hand, his fiancée, with
whom he was living, had a son who was a model of decorum and did well in school, thus Ortiz
concluded that Snyder was at fault. He was also concerned about the children's excessive absences
from school. With regard to the counseling the children and Snyder were receiving, he thought
counseling was a good idea for them but he did not need any. He considered Snyder solely
responsible for the problems with visitation and the children's not wanting to visit him. 

 Snyder testified that for a period of time after the divorce, Ortiz did not exercise
his visitation very often and still often failed to notify her if he was not going to exercise his
visitation period, disappointing the children. She also was concerned that his treatment of the girls
bordered on what she considered physically abusive; that he was overly rigid and harsh. The
children expressed unhappiness to her about the amount of time they were left alone with Ortiz's
fiancée rather than spending time with him. Snyder also testified that Ortiz had told the girls they
were going to be living with him and they had a "new mommy" now. Snyder alluded to abusive
behavior by Ortiz toward an older daughter of hers; Ortiz's fiancée testified that she knew that
Ortiz had been on probation for domestic violence, although he had not been abusive toward her
or her son.

 The counselor testified that the girls did not want to visit their father in part because
they resented that much of the time when they were visiting was spent with the fiancée rather than
their father. They also complained about being slapped at one visit. The counselor testified that
she had considered the possibility that Snyder was somehow instilling hostility in the children
against the father, but concluded Snyder was not doing so. The counselor testified that on a
psychological test to measure bonding the girls were very strongly bonded with their mother but
not their father. She testified that her sessions with Ortiz had not been productive because he
spent most of the time telling her why the children should not be with Snyder. In the father's
view, Snyder was the sole source of any and all problems with the children.

 The court had before it two parents who completely and thoroughly disapproved
of each other. Their situation was complicated by the fact that each had established a new
relationship. However, the girls had always lived with their mother and she had always been their
primary caregiver. There was testimony from Snyder that Ortiz had declined to participate in any
aspect of daily child rearing, such as taking the children to doctor's appointments. There was
evidence in front of the court that the children and Snyder were receiving regular counseling, that
the children's school attendance was improving, and that their regular medical treatment was
bringing their asthma and allergy problems under control. There were some concerns that,
although perhaps not rising to level of a report to Child Protective Services by the counselor,
Ortiz's use of physical discipline was inappropriate. The court made it clear to Snyder that she
would be held responsible for enforcing visitation whether the children wanted to go or not and
cautioned her about any attempts at manipulating the children. As stated above, we give great
deference to the trial court's observations. Doyle, 955 S.W.2d at 481-82. We find no abuse of
discretion in the court's decision to appoint Snyder managing conservator and overrule this issue.






Enforcement of Property Settlement



 Ortiz also complains about the granting of Snyder's motion to enforce the property
settlement, specifically the payment of $1001 from proceeds of a stock sale. Ortiz's main
complaint seems to be that he was not satisfied that Snyder had turned over all of the property she
was supposed to have given him under the original decree and so he was entitled to withhold the
money until he was satisfied. However, the court overruled his motion to enforce, in essence
believing Snyder had complied with the requirements of the property division. The court's order
simply enforced a clause in the decree, a clause with which Ortiz had decided not to comply. We
find no error and overrule this issue. Further, Ortiz has waived this issue. Thedford v. Union Oil
Co., 3 S.W.3d 609, 615 (Tex. App.--Dallas 1999, pet. denied) (bare assertions of error without
citations to record or authority are waived).


Attorney's Fees



 Ortiz complains of the award of attorney's fees to Snyder's counsel. His complaint
is that Snyder's counsel acted pro bono. In this type of case, attorney's fees may be awarded and
may be ordered paid directly to an attorney. Tex. Fam. Code Ann. § 106.002(a) (West Supp.
2000). A reviewing court will not overturn a trial court's allowance of attorney's fees unless the
trial court abused its discretion. Brown v. Commission for Lawyer Discipline, 980 S.W.2d 675,
683 (Tex. App.--San Antonio 1998, no pet.);(4) Ross v. 3D Tower Ltd., 824 S.W.2d 270, 273 (Tex.
App.--Houston [14th Dist.] 1992, writ denied). Counsel for Snyder provided evidence concerning
his fees. The court did not abuse its discretion in the award of attorney's fees under the statute. 
We overrule this issue.


Conclusion



 We affirm the trial court's order.






 


 J. Woodfin Jones, Justice


Before Justices Jones, Kidd and Yeakel


Affirmed


Filed: December 14, 2000


Do Not Publish

1. As a preliminary matter, we note that Ortiz was represented at trial by counsel. He appears
pro se on appeal.(2)
2. Pro se litigants are not excused from complying with applicable rules of procedure: 
"Neither is it [the right of self-representation] a license not to comply with the relevant rules of
procedural and substantive law." Faretta v. California, 422 U.S. 806, 834 n. 46 (1975). As
stated by the Texas Supreme Court:


 There cannot be two sets of procedural rules, one for litigants with counsel and the
other for litigants representing themselves. Litigants who represent themselves
must comply with the applicable procedural rules, or else they would be given an
unfair advantage over litigants represented by counsel.


Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978);Chandler v. Chandler, 991
S.W.2d 367, 378-79 (Tex. App.--El Paso 1999, pet. denied), cert. denied, 120 S.Ct. 1557 (April
3, 2000). 
 
 - 
 
 
" - 
 " 
 
 
 
 - 
 - -- 
 
3. One daughter was born August 7, 1991; the other was born July 7, 1993.
4. In a slightly different context, Brown authorized the award of attorney's fees when counsel
acted pro bono.


lor,
Ortiz's use of physical discipline was inappropriate. The court made it clear to Snyder that she
would be held responsible for enforcing visitation whether the children wanted to go or not and
cautioned her about any attempts at manipulating the children. As stated above, we give great
deference to the trial court's observations. Doyle, 955 S.W.2d at 481-82. We find no abuse of
discretion in the court's decision to appoint Snyder managing conservator and overrule this issue.






Enforcement of Property Settlement



 Ortiz also complains about the granting of Snyder's motion to enforce the property
settlement, specifically the payment of $1001 from proceeds of a stock sale. Ortiz's main
complaint seems to be that he was not satisfied that Snyder had turned over all of the property she
was supposed to have given him under the original decree and so he was entitled to withhold the
money until he was satisfied. However, the court overruled his motion to enforce, in essence
believing Snyder had complied with the requirements of the property division. The court's order
simply enforced a clause in the decree, a clause with which Ortiz had decided not to comply. We
find no error and overrule this issue. Further, Ortiz has waived this issue. Thedford v. Union Oil
Co., 3 S.W.3d 609, 615 (Tex. App.--Dallas 1999, pet. denied) (bare assertions of error without
citations to record or authority are waived).


Attorney's Fees



 Ortiz complains of the award of attorney's fees to Snyder's counsel. His complaint
is that Snyder's counsel acted pro bono. In this type of case, attorney's fees may be awarded and
may be ordered paid directly to an attorney. Tex. Fam. Code Ann. § 106.002(a) (West Supp.
2000). A reviewing court will not overturn a trial court's allowance of attorney's fees unless the
trial court abused its discretion. Brown v. Commission for Lawyer Discipline, 980 S.W.2d 675,
683 (Tex. App.--San Antonio 1998, no pet.);(4) Ross v. 3D Tower Ltd., 824 S.W.2d 270, 273 (Tex.
App.--Houston [14th Dist.] 1992, writ denied). Counsel for Snyder provided evidence concerning
his fees. The court did not abuse its discretion in the award of attorney's fees under the statute. 
We overrule this issue.


Conclusion



 We affirm the trial court's order.






 


 J. Woodfin Jones, Justice


Before Justices Jones, Kidd and Yeakel


Affirmed


Filed: December 14, 2000


Do Not Publish

1. As a preliminary matter, we note that Ortiz wa