TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING


 








NO. 03-07-00629-CV






In re Vanessa Cherry






ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY



 


O P I N I O N 



 On January 11, 2008, this court denied relator Cherry's petition for writs of
mandamus and prohibition and dismissed as moot her motion for temporary relief. See Tex. R. App.
P. 52.1, 52.10. Relator Cherry now files a motion for rehearing and reconsideration en banc. We
grant her motion for rehearing, withdraw the January 11, 2008 opinion, and conditionally grant the
petition for writ of mandamus. 


BACKGROUND

 These proceedings stem from Cherry's criminal prosecution for her conduct in a child
custody dispute with her ex-husband. (1) On October 18, 2004, Cherry committed the offense of
interference with child custody. See Tex. Penal Code Ann. § 25.03 (West Supp. 2007). 
On August 15, 2005, Cherry pled guilty to the offense in a plea bargain agreement with the State
regarding punishment. The punishment agreed to and recommended to the court was that Cherry
would receive three years' deferred adjudication, a $1,500 fine, and 15 days in jail. The district court
conducted three hearings regarding sentencing and conditions: during the first hearing, Cherry pled
guilty and indicated that she understood that her plea bargain with the State was for "three [years]
deferred, a $1,500.00 fine, and 15 days in jail"; during the second hearing, Cherry reaffirmed her
understanding of the plea agreement; and during the third hearing, the district court clarified some
of the terms of Cherry's probation including restitution. 

 Following the third hearing, on October 18, 2005, the district court signed an "Order
of Deferred Adjudication; Community Supervision." The order specified that Cherry would receive
"3 Years Deferred Adjudication." The Order recited the date of the offense (October 18, 2004), the
date of judgment (October 18, 2005), and the date the Order was to commence (October 18, 2004). 
Specifically, the Order provided that the three-year period of community supervision for which
Cherry had plea-bargained would begin not on the date of judgment, but one year earlier, on
precisely the same day she committed the offense. The Order provided, in relevant part, the
following: 


DATE OF JUDGMENT: October 18, 2005

* * *

OFFENSE: Interference with Child Custody

STATUTE FOR OFFENSE: Section 25.03, Penal Code

APPLICABLE PUNISHMENT RANGE: State Jail Felony


DATE OF OFFENSE: October 18, 2004

CHARGING INSTRUMENT: Indictment

TERMS OF PLEA AGREEMENT . . .: 3 Years Deferred Adjudication;
$1,500 Fine; 15 Days Jail


PLEA TO OFFENSE: Guilty


* * *


DATE ORDER TO COMMENCE: October 18, 2004

PERIOD OF SUPERVISION: Three (3) years

FINE: $1,500

The order listed the terms of the plea agreement as "3 years deferred adjudication" and then indicated
the date the order is to commence is October 18, 2004. Therefore, according to the Order, Cherry's
deferred adjudication began on October 18, 2004, and ended on October 18, 2007.

 On October 24, 2007, Cherry filed a motion to discharge and dismiss claiming that
she was entitled to discharge from community supervision under Texas Code of Criminal Procedure
article 42.12 because she had successfully completed the term of her deferred adjudication on
October 18, 2007, three years after the commencement date specified in the Order. Her motion was
never ruled upon. Instead, on October 29, 2007, the trial court signed a "Nunc Pro Tunc Order of
Deferred Adjudication; Community Supervision." This new Order changed the commencement date
of Cherry's three-year deferred adjudication community supervision from October 18, 2004 (original
Order) to October 18, 2005 (Nunc Pro Tunc Order). 

 On October 31, 2007, relator Cherry filed a motion to vacate the Nunc Pro Tunc
Order claiming that a hearing was required before a nunc pro tunc order could be entered. The
district court denied Cherry's motion. However, on November 19, 2007, the district court vacated
the Nunc Pro Tunc Order and held a hearing on the issue. During the hearing, the State called two
witnesses, Angela Brast, a Williamson County Adult Probation employee, and Shawn Dick, a former
Williamson County District Attorney. Both testified that Cherry was to receive three years' deferred
adjudication and both agreed that the original Order specified the commencement date was
October 18, 2004. The district court subsequently entered a Second Nunc Pro Tunc Order of
Deferred Adjudication Community Supervision changing the "date order to commence" from
October 18, 2004, to October 18, 2005, the date the original judgment was issued. 

 

DISCUSSION

 Relator Cherry now seeks mandamus and prohibition relief from this nunc pro tunc
order. She argues that a judgment nunc pro tunc may only be used to correct the court's records to
accurately reflect the judgment actually rendered, but that here, the court used nunc pro tunc to
improperly modify the judgment actually rendered. She also claims that the nunc pro tunc order was
improperly entered because the district court did not have jurisdiction. 


Mandamus

 Mandamus relief is available if the relator demonstrates that (1) there is no other
adequate legal remedy and (2) there is a clear and indisputable right to the relief sought. See State
v. Patrick, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002). In other words, mandamus relief is
appropriate if there is no adequate remedy at law, and the act sought to be compelled is purely
ministerial. See Winters v. Presiding Judge of the Crim. Dist. Court No. Three, 118 S.W.3d 773,
775 (Tex. Crim. App. 2003). Mandamus relief is also appropriate to set aside an order entered by
a trial court acting without jurisdiction when there is not another remedy. See Patrick, 86 S.W.3d
at 595-97. Where the trial court's order is void, it is unnecessary for the relator to show she pursued
other available remedies, and mandamus will issue. See In re Southwestern Bell Tel. Co., 35 S.W.3d
602, 605 (Tex. 2000) (orig. proceeding). (2) 


Deferred Adjudication Jurisdiction

 Texas Code of Criminal Procedure article 42.12 governs community supervision. 
Section 5 specifically governs deferred adjudication. Once a defendant is placed on community
supervision, the district court retains jurisdiction over the probationer during the probationary term. 
This enables the court to modify, revoke, or dismiss the probation. See Tex. Code Crim. Proc. Ann.
art. 42.12 § 5(a-c), § 21(e), § 22 (West Supp. 2007). Once the probationary period expires, the trial
court, if it has not proceeded to an "adjudication of guilt," must "dismiss the proceedings against the
defendant and discharge him." Id. § 5(c). After the probationary period expires, there must be a
timely filing of a motion to revoke probation and a timely issuance of a warrant or capias for a trial
court's jurisdiction to continue. See id. § 21(e). Thus, even after the probationary term has expired,
a trial court retains jurisdiction to extend a period of community supervision if a motion to revoke
is filed and a capias is issued before the period of supervision ends. However, absent these statutory
requirements, a trial court has no jurisdiction to modify community supervision after the supervision
term has expired. See Ex parte Fulce, 993 S.W.2d 660, 662 (Tex. Crim. App. 1999). Here, there
was neither an "adjudication of guilt" nor any hearing concerning revoking, continuing, or
modifying community supervision before the expiration of Cherry's deferred adjudication. 
Therefore, the trial court, absent authority (such as a valid nunc pro tunc), had no jurisdiction to
modify or extend relator Cherry's deferred adjudication community supervision. 


Nunc Pro Tunc

 Having concluded that the probationary term had expired and that the trial court
lacked jurisdiction to alter the terms of Cherry's supervision, we must now consider whether the
change was properly made through a valid nunc pro tunc order. Although generally a trial court
loses its jurisdictional power after the expiration of the community supervision period, a valid
judgment nunc pro tunc can be entered at any time, even after the trial court has lost jurisdiction over
the case. State v. Bates, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); In re Hancock, 212 S.W.3d
922, 927 (Tex. App.--Fort Worth 2007, orig. proceeding). The purpose of a nunc pro tunc order is
to correctly reflect, from the court's records, a judgment actually made, but which for some reason
was not entered at the proper time. Ex parte Poe, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988); see
Ex parte Dopps, 723 S.W.2d 669, 670 (Tex. Crim. App. 1986). A judgment nunc pro tunc is the
appropriate avenue to make a correction when the court's records do not mirror the judgment that
was actually rendered.  Alvarez v. State, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). Nunc pro
tunc orders are for correction of clerical errors, not judicial errors. Bates, 889 S.W.2d at 309. In
other words, a nunc pro tunc order can only be used to make corrections to ensure that the judgment
conforms with what was already determined and not what should have been determined; "before a
judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was actually
rendered or pronounced at an earlier time." Wilson v. State, 677 S.W.2d 518, 521 (Tex. Crim. App.
1984); In re Hancock, 212 S.W.3d at 928. Whether an error is judicial or clerical in nature is a
question of law. Alvarez, 605 S.W.2d at 617. 

 In the instant case, the only evidence as to the commencement date of the supervision
is the recital found in the original deferred adjudication Order. The Order states that the period of

supervision was to begin on October 18, 2004. (3) There is no evidence in the record to reflect that the
date change in the nunc pro tunc order to October 18, 2005 was made to bring the written judgment
into conformity with a previous judgment. The testimony and other evidence relied on by the State
merely shows that Cherry bargained for and received three years' deferred adjudication. Although
the district court repeated several times that the terms of the plea agreement required a three-year
deferred adjudication period, the court never specified a start date other than that reflected in the
Order. There is nothing in the record to indicate that the court in fact ordered Cherry's supervision
to begin on October 18, 2005. So, although the trial court may have meant for Cherry's period of
supervision to begin on October 18, 2005, it ordered that the period of supervision was to begin on
October 18, 2004. A correction nunc pro tunc "can be only as to what was done and not as to what
should have been done." Ex parte Dopps, 723 S.W.2d at 671; In re Hancock, 212 S.W.3d at 928. 

 Therefore, we conclude that the error, if any, was judicial and not clerical in nature. 
A judgment nunc pro tunc should be issued only if the record is clear and convincing that a clerical
error was made. See Riner v. Briargrove Park Prop. Owners, Inc., 976 S.W.2d 680, 682
(Tex. App.--Houston [1st Dist.] 1998, no pet.). There is no such evidence here. This is not a
situation involving a typical clerical change such as correction of a party name, correction of the date
of judgment, or correction of a numerical error. See Escobar v. Escobar, 711 S.W.2d 230, 232
(Tex. 1986); Carlyle Real Estate Ltd. P'ship-X v. Leibman, 782 S.W.2d 230, 233
(Tex. App.--Houston [1st Dist.] 1989, no writ); Nolan v. Bettis, 562 S.W.2d 520, 523 (Tex. Civ.
App.--Austin 1978, no writ). Nor is this a situation in which the record clearly shows that the
change was to the judgment entered and not the judgment rendered. A court can only correct a final
written judgment that incorrectly states the judgment actually rendered. Thus, if the court renders
incorrectly, it cannot alter a written judgment that precisely reflects the incorrect rendition. See
Escobar, 711 S.W.2d at 232; compare Ex parte Poe, 751 S.W.2d at 876 (trial court's entry of
judgment nunc pro tunc to reflect jury's finding of deadly weapon proper because omission in
original judgment was clerical error), and Rabsatt v. State, No. 03-06-00668-CR, 2007 Tex. App.
LEXIS 9031 (Tex. App.--Austin Nov. 15, 2007, pet. struck) (mem. op.) (not designated for
publication) (judgment nunc pro tunc to mirror jury's affirmative finding of deadly weapon proper),
with Fanniel v. State, 73 S.W.3d 557, 559 (Tex. App.--Houston [1st Dist.] 2002, no pet.) (trial
court's entry of judgment nunc pro tunc to include affirmative finding of deadly weapon was
improper because absence of such finding in original judgment was result of judicial reasoning rather
than clerical error). A nunc pro tunc order may not be used as it was used here--to modify an order
previously made. See Ex parte Dickerson, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986); In re
Hancock, 212 S.W.3d at 927. A nunc pro tunc judgment made to correct a judicial error is void. 
In re Ruselier, 56 S.W.3d 265, 268 (Tex. App.--Houston [1st Dist.] 2001, orig. proceeding). 

 We hold that the district court was without authority to enter the nunc pro tunc order;
therefore, the nunc pro tunc order is void. Because Cherry was past the end of her probationary
period and there was no other jurisdictional basis for the district court's action, the court lacked
jurisdiction to do anything further in this case other than to discharge Cherry from probation. 


Relief

 Accordingly, because the nunc pro tunc order is void, relator Cherry has satisfied the
prerequisites to mandamus relief. See In re Ford Motor Co., 965 S.W.2d 571, 573
(Tex. App.--Houston [14th Dist.] 1997, orig. proceeding) (if trial court's order is void, relator does
not need to show it pursued other available remedies and mandamus will issue if trial court violates
duty imposed by law or clearly abused its discretion). 


CONCLUSION

 We grant Cherry's motion for rehearing, withdraw the January 11, 2008 opinion, and
conditionally grant the writ of mandamus, directing respondent to withdraw the nunc pro tunc order
issued November 29, 2007. We trust that the district court will promptly take this action, and the 
writ will issue only if the trial court fails to comply with our opinion. We dismiss the motion for
reconsideration en banc. 


 

 David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Pemberton;

 Dissenting Opinion by Justice Pemberton

Filed: July 10, 2008


1. The underlying custody dispute was the subject of an appeal pending in
this Court, but has since been settled and dismissed. Cherry v. Serio, No. 03-07-00126-CV
(Tex. App.--Austin May 20, 2008, no pet.) (mem. op.) available at
http://www.3rdcoa.courts.state.tx.us/opinions/pdfopinion.asp?opinionID=16851 
2. Cherry also seeks prohibition relief. A writ of prohibition is proper to prevent a trial court
from acting when the court lacks jurisdiction. Board of Disciplinary Appeals v. McFall,
888 S.W.2d 471, 472 (Tex. 1994) (orig. proceeding). The writ is designed to operate like an
injunction to control, limit, or prevent action in a court of inferior jurisdiction. Holloway
v. Fifth Court of Appeals, 767 S.W.2d 680, 682 (Tex. 1989). A writ of prohibition directs a lower
court to refrain from doing some act, while a writ of mandamus commands a lower court to do some
act. Tilton v. Marshall, 925 S.W.2d 672, 676 n.4 (Tex. 1996). Because we find mandamus relief
appropriate here, we need not address Cherry's prohibition relief claim. 
3. We have found nothing that forecloses the possibility that a district court might render a
judgment with a deferred adjudication start date prior to the date the judgment was rendered or that
would compel a conclusion that the start date for deferred adjudication must be the same date that
a judgment is rendered.